ACCELERATED DOCKET JOURNAL ENTRY AND OPINION PER CURIAM
This is an appeal from an order of Judge David Matia, finding no probable cause to inquire whether Jay D. Scott is insane, as defined in R.C. 2949.28(A), and whether the State of Ohio can execute a convict diagnosed with a severe mental illness. This is a matter of first impression and raises significant issues but, after much consideration, we conclude there was no error and affirm.
In 1984 Scott was convicted of aggravated murder and sentenced to death. His conviction and sentence were affirmed on appeal, State v. Scott (May 23, 1985), Cuyahoga App. No. 48609, unreported, affirmed,26 Ohio St.3d 92, 26 OBR 79, 497 N.E.2d 55, and his subsequent state postconviction petitions and federal habeas corpus applications were unsuccessful. His execution was set for 9:00 p.m. E.D.T. on April 17, 2001, and on April 10, 2001, Scott filed a motion under R.C. 2949.28
requesting that execution of his sentence be suspended pending an inquiry and determination of whether he met the definition of insanity set forth in R.C. 2949.28(A). That statute prohibits execution of a death sentence upon one who does not have the mental capacity to understand the nature of the death penalty and why it was imposed upon the convict. See Ford v. Wainwright (1986), 477 U.S. 399, 106 S.Ct. 2595, 91 L.Ed.2d 335.
The judge held a hearing on April 16, 2001, to determine whether probable cause existed to justify a thorough inquiry into Scott's sanity. R.C. 2949.28(B)(2) and (3). The evidence showed that Scott suffers from chronic undifferentiated schizophrenia, an admittedly serious form of mental illness which is only partially alleviated by medication. Dr. Douglas Mossman, a psychiatrist and the only expert to testify, had examined Scott on March 30, 2001, and verified the previous diagnoses of schizophrenia. Dr. Mossman also testified to the symptoms and pathology of schizophrenia, but was not asked, and did not testify, that Scott met the definition of insanity set forth in R.C. 2949.28(A). Indeed, the record contains evidence that Scott does appreciate the gravity of his punishment and its relation to his crime. When questioned by the psychiatrist, Scott informed him that he was prepared to die and was sorry for what he had done. Nevertheless, Scott contended that the diagnosis of schizophrenia itself satisfied the probable cause threshold and warranted a thorough inquiry.
From this evidence the judge denied Scott's motion, finding that he had failed to meet the burden of proof to show probable cause to initiate an inquiry under R.C. 2949.28 and 2949.29. He also denied Scott's alternative motion for a determination that execution of a person with a diagnosed severe mental illness violates the Ohio and Federal Constitutions.[1] The ruling was appealed to this court, and we considered briefs and oral argument on April 17, 2001, the scheduled date of Scott's execution. This court requested the Ohio Supreme Court to stay the execution to allow more time for review and the request was granted.
Scott's first assignment of error states:
 I. THE TRIAL COURT ERRED IN CONCLUDING THAT NO PROBABLE CAUSE EXISTED TO CONDUCT A FULL HEARING ON JAY D. SCOTT'S NOTICE OF APPARENT INSANITY FILED UNDER O.R.C. SECTION 2949.28.
 BECAUSE MR. SCOTT IS A DIAGNOSED SCHIZOPHRENIC WITH A HISTORY OF DISABLING PSYCHOTIC EPISODES, A FINDING OF PROBABLE CAUSE SHOULD BE MANDATORY UNDER THE STATUTE, AND A FULL HEARING ON HIS SANITY TO BE EXECUTED SHOULD HAVE BEEN CONDUCTED.
R.C. 2949.28 provides that a judge shall determine whether probable cause exists to inquire into a defendant's sanity and, if so, to initiate such an inquiry and determine whether the defendant is fit to be executed. Absent probable cause, no further inquiry is provided for under the statute, and the judge may dismiss the matter without further proceedings. R.C. 2949.28(B)(2). Scott was given a hearing to present his evidence supporting the contention that probable cause existed that he is insane, defined as follows:
 that the convict in question does not have the mental capacity to understand the nature of the death penalty and why it was imposed upon the convict.
The term probable cause is most often encountered in cases challenging the search and seizure of evidence, and has been defined as a reasonable ground for a belief based upon objective facts to justify the belief, State v. Moore (2000), 90 Ohio St.3d 47, 49, 734 N.E.2d 804, 807. Although the standard is intentionallyindefinite, it is satisfied by something less than a prima facie showing. State v. George (1989),45 Ohio St.3d 325, 329, 544 N.E.2d 640, 644.
As discussed infra, we agree that Scott bears the burden of proof to show that probable cause existed to support further inquiry, and that he failed to meet that burden. We do not agree that Scott's schizophrenia diagnosis is a per se satisfaction of the probable cause standard. By failing to present any evidence concerning his lack of understanding about his death sentence, Scott failed to provide the seminal basis for relief under the statute. A probable cause determination must be supported by specific, rather than general, evidence of Scott's legal insanity as defined by R.C. 2949.28. See, e.g., In re Miller (1992),63 Ohio St.3d 99, 585 N.E.2d 396, paragraph two of the syllabus. The first assignment of error is overruled.
The second assignment of error states:
 II. IN A CASE INVOLVING A DIAGNOSED SCHIZOPHRENIC WITH A HISTORY OF DISABLING PSYCHOTIC EPISODES, IT VIOLATES DUE PROCESS FOR THE OHIO COMPETENCY-TO-BE-EXECUTED STATUTE TO BE CONSTRUED AS PLACING THE BURDEN OF PROVING INSANITY ON THE INMATE. IN SUCH A SITUATION, THE BURDEN SHOULD BE ON THE STATE AND SHOULD REMAIN ON THE STATE UP TO THE MOMENT OF EXECUTION.
Scott argues that the State should bear the burden of proving him sane, rather than placing the burden on him to prove his insanity under R.C. 2949.28. He claims that the evidence of his mental capacity is peculiarly within the State's control, since his mental health care has been the province of the State since his incarceration. Cf. R.C.2901.05(C)(2) (defining affirmative defense with reference to evidence peculiarly within the knowledge of the accused). We overrule this assignment of error because, regardless of whether the burden of proof at inquiry stated in R.C. 2949.29(C) is constitutionally sound, we still would find that Scott bears the burden of proof to show probable cause justifying the inquiry.
In search and seizure challenges, the State is required to prove the existence of probable cause, Xenia v. Wallace (1988), 37 Ohio St.3d 216,524 N.E.2d 889, paragraph two of the syllabus, and a party seeking civil commitment of an individual under R.C. Chapter 5122 is required to allege and show probable cause. Miller, supra.[2] We are aware of no proceeding at which a party is required to prove the lack of probable cause, and such a requirement would place a heavy burden on the party so charged, because it would essentially require that party to show the lack of entitlement to relief in a preliminary proceeding. Regardless of the burden of proof in a subsequent inquiry, Scott had the burden to show probable cause that he merely could prevail at an inquiry, but he failed to do so. Dr. Mossman did not relate any of Scott's specific behaviors to the likelihood that he was unable to understand the gravity and reasons for his punishment.
Even if his probable cause burden was correspondingly lowered by a finding that the State bore the ultimate burden of proof to show his sanity, Scott failed to present any specific evidence that he would have been able to defeat that determination. Therefore, we need not decide whether the burden of proof upon inquiry stated in R.C. 2949.29(C) is constitutionally sound, because Scott failed to show probable cause under any standard.
The third assignment of error states:
 III. EVOLVING STANDARDS OF DECENCY, WHICH INFORM AND GUIDE THE CRUEL AND UNUSUAL PUNISHMENT CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS, PROHIBIT THE EXECUTION OF A DEFENDANT DIAGNOSED WITH A SEVERE MENTAL ILLNESS LIKE SCHIZOPHRENIA, EVEN IF SUCH A DEFENDANT IS OTHERWISE FOUND SANE UNDER O.R.C. SECTION 2949.28. THE TRIAL COURT ERRED IN NOT CONDUCTING A HEARING ON THIS IMPORTANT CONSTITUTIONAL ISSUE.
Scott contends that the execution of an individual suffering from an admittedly severe mental illness should constitute cruel and unusual punishment according to a reading of the U.S. and Ohio Constitutions and contemporary standards. This argument is without merit.
In Ford v. Wainwright, (1986), 477 U.S. 399, the U.S. Supreme Court unquestionably announced that an insane individual may not be executed. Whether its aim be to protect the condemned from fear and pain without comfort of understanding, or to protect the dignity of society itself from the barbarity of exacting mindless vengeance, the restriction finds enforcement in the Eighth Amendment. Id. at 410 (Marshall, J.). The Court outlined various justifications for the rule stemming from English common law, including the inhumanity of executing an offender for acts beyond his or her control and the nonexistent deterrence value of such a course. Id.at 407-408. Due process concerns mandated that states enact procedures by which a condemned may assert his insanity through a hearing at which relevant facts can be presented by all parties, including the defendant. Id. at 411-413.
Justice Powell, concurring in Ford, defined insanity for execution purposes as requiring that an individual may not be executed if, because of a mental condition, the person lacks the mental capacity to understand the nature of the death penalty and why it was imposed. Id. at 421 (Powell, J, concurring). The Ohio legislature, through its enactment of R.C. 2949.28(A), adopted this requirement. The focus of the inquiry, therefore, is not on the mental health of the defendant, per se, but rather on the cognitive ability of that person to consciously understand that he will be put to death for the crime committed.
Scott is unquestionably ill, but he produced no evidence to indicate that his affliction, mental or otherwise, disrupted his ability to understand the nature of the death penalty and why it was imposed. It is true that Art. I, Section 9 of the Ohio Constitution (which, like theEighth Amendment, prohibits cruel and unusual punishment) stands apart from the U.S. Constitution and permits Ohio law to extend greater civil liberties than those granted under Federal law. See Arnold v. Cleveland, (1993), 67 Ohio St.3d 35, paragraph one of the syllabus. The Ohio Legislature, however, has chosen not to extend to the condemned mentally ill a respite not extended to them by the U.S. Supreme Court in Ford v. Wainwright. We are, therefore, constrained by R.C. 2949.28 to enforce its express requirements.
Scott's reliance on McCarver v. North Carolina, (Case #00-8727, U.S., cert. granted), 2001 U.S. LEXIS 2690, a case currently before the U.S. Supreme Court, dealing with whether it is constitutionally proper to execute mentally retarded persons sentenced to capital punishment, is misplaced. While McCarver may deal with questions involving the baseline intelligence of mentally retarded individuals and whether they may be incapable of the understanding required under Ford, Scott's contention ignores his capacity to understand the reasons for and nature of the death penalty. He concentrates instead upon the nature of his particular disease and how a schizophrenic, in perceiving his world, has episodes of hallucinations, disorganization and flat affect.
Scott submits that, as a schizophrenic, he may have a minimal realization that he is to be executed but lacks the capacity to face the finality of death and, therefore, should receive a reprieve from his sentence.[3] Under Ohio law, however, we are unable to agree.
It is ordered that the appellee recover from appellant its costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Scott raised the same claims in a postconviction petition under R.C. 2953.21 and 2953.23, but we have not addressed the claims on that basis because the trial court's denial of this petition was not specifically assigned as error or separately argued in his briefs. App.R. 12(A)(2). Moreover, both the statutory and constitutional arguments are more properly addressed as claims challenging the execution of Scott's death sentence, and not its imposition.
[2] References to R.C. Chapter 5122 should not be viewed as an attempt to ignore the provisions of R.C. 2949.29(D), but as citations providing general guidance in this area.
[3] Scott quotes 4 William Blackstone, Commentaries 24 (1769). A madman is punished by his madness alone.