OPINION
Defendant-appellant, Robert Fuller, appeals a decision of the Warren County Court of Common Pleas overruling his motion to suppress evidence of illegal drugs discovered during a traffic stop.
On July 27, 2000, Franklin Police Officer Shannon Cotton observed appellant's pick-up truck stopped at a green light. He then observed appellant make a sharp left, nearly striking the concrete median. Officer Cotton observed appellant's vehicle cross out of its lane of travel and over the lane marker lines several times. As Officer Cotton's vehicle caught up with appellant's vehicle, he observed appellant cross approximately two feet over "the white line." Officer Cotton then stopped appellant for failure to stay within the marked lanes.
Officer Cotton approached the driver's side door and asked appellant for his driver's license. The officer noticed appellant's eyes were glassy and bloodshot and that he had an odor of alcohol about his person. Officer Cotton also observed a blue cooler in the back seat with the lid ajar. After verifying that appellant's license was valid and that there were no outstanding warrants, the officer asked appellant to exit the vehicle to perform field sobriety tests. As he exited the vehicle, appellant admitted that he had consumed two beers. After appellant completed the field sobriety tests, Officer Cotton determined appellant was not intoxicated. He decided not to cite appellant for driving under the influence and to only issue a citation for the marked lanes violation.
Based on the cooler in the rear seat with the lid ajar, the smell of alcohol, appellant's appearance and admission that he had been drinking, Officer Cotton suspected that appellant had been drinking in the truck and had reached into the back to put a beer back in the cooler. Based on this suspicion, the officer intended to ask appellant for consent to search the vehicle.
As the officer and appellant were standing at the rear of the vehicle, Officer Cotton asked if appellant had any open containers in the truck. Appellant replied that he did not. Officer Cotton asked appellant if his passenger door was open. Appellant replied "let me see" and, with Officer Cotton standing behind him, opened the passenger door. With the door open, Officer Cotton recognized the smell of marijuana coming from the passenger side of the vehicle. Appellant shut the passenger door and told Officer Cotton that he could not search the truck.
Officer Cotton called for a canine unit to respond to the scene and began writing a citation to appellant for failure to stay within the marked lanes of travel. Minutes later the canine unit responded. The dog indicated at the passenger side door of the truck. The vehicle was searched and illegal drugs were discovered.
Appellant was indicted on six drug-related offenses, including possession of more than five pounds of marijuana, aggravated drug possession, three lesser possession charges and one charge for possession of drug paraphernalia. He filed a motion to suppress the evidence found in his truck, and the trial court held a hearing on the motion on December 28, 2000. In a written decision, the trial court overruled appellant's motion to suppress. Appellant then pled no contest to all of the charges and on March 6, 2001 was found guilty and sentenced by the trial court.
Appellant now appeals the trial court's decision to overrule his motion to suppress and raises the following single assignment of error:
 IT WAS "UNREASONABLE," WITHIN THE MEANING OF THE FOURTH AMENDMENT, FOR THE OFFICER TO DETAIN APPELLANT TO ASK ABOUT THE CAR DOOR AS A PRELUDE TO A REQUEST TO SEARCH THE VEHICLE, WHEN BY THAT POINT HE LACKED REASONABLE ARTICULABLE SUSPICION TO BELIEVE THAT APPELLANT WAS INTOXICATED; THUS THE TRIAL COURT ERRED WHEN IT OVERRULED THE SUPPRESSION MOTION.
Appellant contends that although the initial stop of his vehicle was valid, the trial court should have granted his motion to suppress because the police officer unreasonably extended the stop beyond its original purpose.
An appellate court may not disturb a trial court's decision on a motion to suppress where it is supported by competent, credible evidence. Statev. Retherford (1994), 93 Ohio App.3d 586, 592. When considering a motion to suppress, the trial court serves as the trier of fact and is the primary judge of the credibility of witnesses and the weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19, 20. Relying on the trial court's findings, the appellate court determines "without deference to the trial court, whether the court has applied the appropriate legal standard." State v. Anderson (1995), 100 Ohio App.3d 688, 691.
Once a police officer has made a legitimate stop of a vehicle, the driver may be detained for only as long as the officer continues to have a reasonable suspicion that there has been a violation of the law. Statev. Myers (1990), 63 Ohio App.3d 765, 771. "If after inspecting the vehicle or talking to the driver, the police officer is satisfied that there has been no unlawful activity, the driver must be permitted to continue on his or her way." Id. However, "[i]f during the scope of the initial stop, an officer discovers additional specific and articulable facts which give rise to a reasonable suspicion of criminal activity beyond that which prompted the stop, the officer may detain the vehicle and driver for as long as the new articulable and reasonable suspicion continues." State v. Waldroup (1995), 100 Ohio App.3d 508, 513.
Appellant does not dispute the validity of the initial stop by Officer Cotton. Instead, appellant contends that the detention was unreasonably prolonged when the officer asked appellant if his passenger door was open. Appellant argues that once the officer determined appellant was not driving under the influence, the purpose of the stop ended and any further questions unreasonably extended the stop beyond its purpose.
Appellant's argument that the officer extended the traffic stop beyond its original purpose based only on a "hunch" that appellant had an open container in his vehicle fails for two reasons. First, although the officer completed his testing of appellant for driving under the influence, the original purpose for the stop had not yet been completed. Appellant was initially stopped for failing to stay within the marked lanes of travel. Although he had decided appellant was not driving under the influence, Officer Cotton had decided to cite appellant for the lanes violation, but had not yet written the citation.
The officer's brief questions about open containers and whether the passenger door was unlocked did not unreasonably extend the stop. At that point, appellant voluntarily opened the passenger door, and once the officer smelled marijuana there was probable cause to search the automobile, although the officer in this case decided to wait for a canine unit. State v. Moore (2000), 90 Ohio St.3d 47.
Second, during the course of the stop, the officer discovered facts which created a reasonable articulable suspicion that appellant had an open container of alcohol in his vehicle. Appellant had an odor of an alcoholic beverage, admitted that he had consumed two beers, and the lid to the cooler in the back seat of his truck was ajar. These facts gave rise to a reasonable articulable suspicion that appellant had an open container in his vehicle, and the officer had further reason to question appellant. At that point, appellant voluntarily responded to the officer's questions by opening the passenger door.
Accordingly, the trial court did not err in overruling appellant's motion to suppress evidence. Appellant's assignment of error is overruled.
Judgment affirmed.
 __________________________ YOUNG, P.J.
WALSH and POWELL, JJ., concur.