[This opinion has been published in *Ohio Official Reports* at 90 Ohio St.3d 47.]

THE STATE OF OHIO, APPELLEE, *v*. MOORE, APPELLANT.

[Cite as *State v. Moore*, 2000-Ohio-10.]

*Criminal law—Search and seizure—Drugs—Smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to conduct a search.*

The smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to conduct a search.

(Nos. 99-1855 and 99-1960—Submitted May 23, 2000—Decided September 20, 2000.)

APPEAL from and CERTIFIED by the Court of Appeals for Fairfield County, No. 99CA24.

_____

{¶ 1} On February 28, 1999, Sergeant Jeffrey Greene of the Ohio State Highway Patrol stopped a vehicle on U.S. 33 after observing the vehicle run a red light. As Sergeant Greene approached the vehicle, the driver, Christopher Moore (defendant), rolled down his window. Sergeant Greene detected a strong odor of fresh burnt marijuana emanating from the vehicle. He asked defendant to exit the vehicle. Sergeant Greene also observed the odor emanating from the defendant. The defendant denied any knowledge of the odor or having any illegal substances. Sergeant Greene proceeded to search defendant and discovered drug paraphernalia in one of defendant's pockets. Sergeant Greene then searched defendant's vehicle and he discovered a burnt marijuana cigarette in the ashtray. Sergeant Greene cited defendant for a red light violation, and a criminal affidavit was issued for possession of drug paraphernalia and possession of marijuana.

{¶ 2} Defendant filed a motion to suppress the evidence that Sergeant Greene had discovered during the search of both his person and his vehicle. The trial court conducted a hearing on March 25, 1999, and sustained the motion to suppress. The court concluded that "plain smell" evidence is an insufficient basis to conduct a warrantless search of an individual or an individual's vehicle when there is no other tangible evidence to justify the search.

{¶ 3} The state of Ohio appealed. The appellate court reversed and remanded. The court concluded that a law enforcement officer, trained and experienced in detecting marijuana, may rely on his or her sense of smell to establish the necessary probable cause to conduct a warrantless search of a vehicle. The court did not separately consider the search of the defendant.

{¶ 4} The appellate court also determined that its judgment was in conflict with that of the Twelfth Appellate District in *State v. Younts* (1993), 92 Ohio App.3d 708, 637 N.E.2d 64, and that of the Eleventh Appellate District in *State v.*

*Haynes* (July 19, 1996), Portage App. No. 95-P-7, unreported, 1996 WL 649167, and entered an order certifying a conflict.

{¶ 5} This cause is now before this court upon our determination that a conflict exists (case No. 99-1960), and pursuant to the allowance of a discretionary appeal (case No. 99-1855).

_____

*Terre Vandervoort*, Lancaster City Prosecutor, and *David A. Trimmer*, Assistant City Prosecutor, for appellee.

*Dagger, Johnston, Miller, Ogilvie & Hampson* and *Scott P. Wood*, for appellant.

*Betty D. Montgomery*, Attorney General, and *David M. Gormley*, Associate Solicitor, urging affirmance for *amicus curiae*, Attorney General of Ohio.

_____

**LUNDBERG STRATTON, J.**

{¶ 6} The appellate court certified the following issue for our review and resolution: "Is the odor of burnt marijuana, alone, sufficient to provide probable cause to search a defendant's motor vehicle?" We answer the certified question in the affirmative and hold that the smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to search a motor vehicle, pursuant to the automobile exception to the warrant requirement. There need be no other tangible evidence to justify a warrantless search of a vehicle.

{¶ 7} Sergeant Greene conducted a search both of the defendant's person and his vehicle based solely upon the strong odor of burnt marijuana in the vehicle and on the defendant's clothing. Defendant contends that the officer lacked probable cause to conduct either search without a warrant. Defendant further contends that, even if the odor of marijuana, without other tangible evidence, justified a warrantless search of the defendant's vehicle, the search of his person prior to the search of the vehicle was unlawful. We also hold that exigent circumstances existed to justify the warrantless search of defendant's person once Sergeant Greene had probable cause based upon the odor of marijuana detected on the defendant.

{¶ 8} The Fourth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, provides, "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Section 14, Article I of the Ohio Constitution, nearly identical to its federal counterpart, likewise

prohibits unreasonable searches. *State v. Kinney* (1998), 83 Ohio St.3d 85, 87, 698 N.E.2d 49, 51.

{¶ 9} For a search or seizure to be reasonable under the Fourth Amendment, it must be based upon probable cause and executed pursuant to a warrant. *Katz v. United States* (1967), 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576, 585; *State v. Brown* (1992), 63 Ohio St.3d 349, 350, 588 N.E.2d 113, 114. This requires a two-step analysis. First, there must be probable cause. If probable cause exists, then a search warrant must be obtained unless an exception to the warrant requirement applies. If the state fails to satisfy either step, the evidence seized in the unreasonable search must be suppressed. *Mapp v. Ohio* (1961), 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081; *AL Post 763 v. Ohio Liquor Control Comm.* (1998), 82 Ohio St.3d 108, 111, 694 N.E.2d 905, 908.

{¶ 10} The parties do not dispute that Sergeant Greene validly stopped defendant's vehicle for a traffic violation. See *Whren v. United States* (1996), 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89. To further detain the defendant and to conduct a search, Sergeant Greene needed probable cause, a term that has been defined as " 'a reasonable ground for belief of guilt.' " *Carroll v. United States* (1925), 267 U.S. 132, 161, 45 S.Ct. 280, 288, 69 L.Ed. 543, 555. Probable cause must be based upon objective facts that would justify the issuance of a warrant by a magistrate. *State v. Welch* (1985), 18 Ohio St.3d 88, 92, 18 OBR 124, 127, 480 N.E.2d 384, 387. The United States Supreme Court has long acknowledged that odors may be persuasive evidence to justify the issuance of a search warrant. *Johnson v. United States* (1948), 333 U.S. 10, 13, 68 S.Ct. 367, 369, 92 L.Ed. 436, 440 (odor of burning opium from a hotel room gave officers probable cause to obtain a search warrant); *Taylor v. United States* (1932), 286 U.S. 1, 52 S.Ct. 466, 76 L.Ed. 951 (distinctive odor of alcohol is an objective fact indicative of a possible crime). So long as the person is qualified to know and identify the odor and it is a distinctive odor that undoubtedly identifies a forbidden substance, this constitutes a sufficient basis to justify the issuance of a search warrant. *Johnson*, 333 U.S. at 13, 68 S.Ct. at 369, 92 L.Ed. at 440.

{¶ 11} Many state and federal courts have previously confronted this issue and concluded that the detection of the odor of marijuana, alone, by an experienced law enforcement officer is sufficient to establish probable cause to conduct a reasonable search. See, *e.g.*, *People v. Kazmierczak* (2000), 461 Mich. 411, 413, 605 N.W.2d 667, 668 ("the smell of marijuana alone by a person qualified to know the odor may establish probable cause to search a motor vehicle"); *Mendez v. People* (Colo.1999), 986 P.2d 275, 280 ("the smell of burning marijuana may give an officer probable cause to search or arrest"); *State v. Secrist* (1999), 224 Wis.2d

201, 210, 589 N.W.2d 387, 391 ("The unmistakable odor of marijuana coming from an automobile provides probable cause for an officer to believe that the automobile contains evidence of a crime."); *Green v. State* (1998), 334 Ark. 484, 490, 978 S.W.2d 300, 303 ("the odor of marijuana emanating from a particular bag located on a bus is sufficient to provide probable cause to conduct a search of that bag").[1] Likewise, federal courts share this view.[2]

{¶ 12} Defendant concedes that the smell of marijuana is a relevant factor in a probable-cause analysis; however, defendant argues that because of the ephemeral and transient nature of odors, odor alone is insufficient to justify a search. According to defendant, there must be other tangible evidence of drug use in order to justify a search. We disagree. Instead, we adopt what appears to be the majority view. This does not mean that we reject analysis using "the totality of the circumstances." See *Maumee v. Weisner* (1999), 87 Ohio St.3d 295, 720 N.E.2d 507. However, even under such an analysis, if the smell of marijuana, as detected by a person who is qualified to recognize the odor, is the sole circumstance, this is sufficient to establish probable cause. There need be no additional factors to corroborate the suspicion of the presence of marijuana.

{¶ 13} In the case at bar, Sergeant Greene testified regarding his extensive training and experience in identifying and detecting the smell of marijuana. There seems to be no dispute in this case that he was qualified to detect its characteristic odor. He testified that he did not detect the odor as he approached the defendant's vehicle. However, once the defendant lowered his window, Sergeant Greene immediately noticed the strong odor emanating from the inside of the vehicle. Sergeant Greene also testified that marijuana has a distinctive smell that cannot be compared to any other odor. Based on the strength of the odor emanating from the vehicle, Sergeant Greene believed that it was a fresh smell and that the substance had been recently burning.

{¶ 14} The odor of marijuana was a reasonable ground for Sergeant Greene to believe that defendant was guilty of a drug-related criminal offense. Therefore,

---

1. See, also, *State v. Harrison* (1975), 111 Ariz. 508, 533 P.2d 1143; *People v. Gale* (1973), 9 Cal.3d 788, 108 Cal.Rptr. 852, 511 P.2d 1204; *Minnick v. United States* (D.C.App.1992), 607 A.2d 519, 525; *State v. MacDonald* (1993), 253 Kan. 320, 856 P.2d 116; *State v. Barclay* (Me.1979), 398 A.2d 794; *Miller v. State* (Miss.1979), 373 So.2d 1004; *State v. Fuente* (Mo.1994), 871 S.W.2d 438; *State v. Watts* (1981), 209 Neb. 371, 307 N.W.2d 816; *State v. Gilson* (1976), 116 N.H. 230, 356 A.2d 689; *State v. Capps* (1982), 97 N.M. 453, 641 P.2d 484; *State v. Greenwood* (1981), 301 N.C. 705, 273 S.E.2d 438; *State v. Binns* (N.D.1972), 194 N.W.2d 756; *State v. Pfaff* (S.D.1990), 456 N.W.2d 558; *State v. Hughes* (Tenn.1976), 544 S.W.2d 99; *State v. Greenslit* (1989), 151 Vt. 225, 559 A.2d 672; *State v. Smith* (1993), 190 W.Va. 374, 438 S.E.2d 554.

2. See *United States v. Staula* (C.A.1, 1996), 80 F.3d 596; *United States v. Haley* (C.A.4, 1982), 669 F.2d 201; *United States v. McSween* (C.A.5, 1995), 53 F.3d 684; *United States v. Garza* (C.A.6, 1993), 10 F.3d 1241; *United States v. Thompson* (C.A.9, 1977), 558 F.2d 522; *United States v. Downs* (C.A.10, 1998), 151 F.3d 1301.

we conclude that Sergeant Greene had sufficient probable cause to conduct a search based exclusively upon the odor of marijuana coming from the defendant's vehicle and his person.

{¶ 15} Courts already acknowledge the use of a person's senses—sight, touch, hearing—to identify contraband. See *Minnesota v. Dickerson* (1993), 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334. We see no reason to afford less weight to one's use of the sense of smell than to other senses when looking to probabilities. Probabilities are the "factual and practical considerations of everyday life on which reasonable and prudent [people], not legal technicians, act." *Brinegar v. United States* (1949), 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879, 1890. The use of one's sense of smell is no less reliable than other senses upon which we rely. A familiar or distinctive odor, such as freshly cut grass, a bouquet of flowers, a hot apple pie, or the scent of perfume, evokes a vivid and accurate image in our minds. We draw factual conclusions about our surroundings from the use of our sense of smell. Consequently, we agree with the appellate court that a law enforcement officer, who is trained and experienced in the detection of marijuana, should not be prohibited from relying on his or her sense of smell to justify probable cause to conduct a search for marijuana.

{¶ 16} Having concluded that Sergeant Greene had probable cause to conduct a reasonable search, we must determine whether there existed an exception to the warrant requirement of the Fourth Amendment in order for Sergeant Greene to have searched defendant's person and his vehicle. Once a law enforcement officer has probable cause to believe that a vehicle contains contraband, he or she may search a validly stopped motor vehicle based upon the well-established automobile exception to the warrant requirement. *Maryland v. Dyson* (1999), 527 U.S. 465, 466, 119 S.Ct. 2013, 2014, 144 L.Ed.2d 442, 445; *United States v. Ross* (1982), 456 U.S. 798, 804, 102 S.Ct. 2157, 2162, 72 L.Ed.2d 572, 580; *State v. Mills* (1992), 62 Ohio St.3d 357, 367, 582 N.E.2d 972, 982. We find that Sergeant Greene's search of defendant's vehicle did not violate the parameters of the Fourth Amendment.

{¶ 17} More problematic, however, is the search of defendant's person. The overriding function of the Fourth Amendment is to "protect personal privacy and dignity against unwarranted intrusion by the State." *Schmerber v. California* (1966), 384 U.S. 757, 767, 86 S.Ct. 1826, 1834, 16 L.Ed.2d 908, 917. Therefore, in the absence of an exception to the warrant requirement, the search of defendant's person is unlawful. Sergeant Greene admitted at the suppression hearing that this was not a patdown search and that he was not in fear for his safety. He acknowledged that the only basis for his search of the defendant was the odor of

marijuana. Defendant strenuously argues that the automobile exception to the warrant requirement does not apply because Sergeant Greene conducted the search of his person prior to the search of the vehicle. Furthermore, the search was not justified as being incidental to an arrest. *State v. Darrah* (1980), 64 Ohio St.2d 22, 26-27, 18 O.O.3d 193, 195-196, 412 N.E.2d 1328, 1331.

{¶ 18} However, certain situations present exigent circumstances that justify a warrantless search. Generally, there must be "compelling reasons" or "exceptional circumstances" to justify an intrusion without a warrant. *McDonald v. United States* (1948), 335 U.S. 451, 454, 69 S.Ct. 191, 193, 93 L.Ed. 153, 158. For example, the concept of exigency underlies the automobile exception to the warrant requirement. The inherent mobility of the automobile created a danger that the contraband would be removed before a warrant could be issued. *South Dakota v. Opperman* (1976), 428 U.S. 364, 367, 96 S.Ct. 3092, 3096, 49 L.Ed.2d 1000, 1004. A warrantless search is also justified if there is imminent danger that evidence will be lost or destroyed if a search is not immediately conducted. *Cupp v. Murphy* (1973), 412 U.S. 291, 294-296, 93 S.Ct. 2000, 2003-2004, 36 L.Ed.2d 900, 905-906 (exigent circumstances justified a warrantless search of fingernails for skin, blood cells, and fabric when officers feared evidence would be destroyed); *Schmerber v. California*, 384 U.S. at 769-771, 86 S.Ct. at 1835-1836, 16 L.Ed.2d at 919-920 (exigent circumstances justified the warrantless seizure of a blood sample for alcohol level that would be destroyed through dissipation); *Ker v. California* (1963), 374 U.S. 23, 41-42, 83 S.Ct. 1623, 1634, 10 L.Ed.2d 726, 743 (exigent circumstances justified the warrantless search of an apartment for drugs when officers feared destruction of evidence).

{¶ 19} Because marijuana and other narcotics are easily and quickly hidden or destroyed, a warrantless search may be justified to preserve evidence. See *United States v. Wilson* (C.A.1, 1994), 36 F.3d 205; *United States v. Fields* (C.A.2, 1997), 113 F.3d 313; *United States v. Grissett* (C.A.4, 1991), 925 F.2d 776; *United States v. Gaitan-Acevedo* (C.A.6, 1998), 148 F.3d 577; *United States v. Parris* (C.A.8, 1994), 17 F.3d 227.

{¶ 20} Here, Sergeant Greene was alone at the time he stopped defendant's vehicle. He had probable cause to believe that defendant had been smoking marijuana from the strong odor of burnt marijuana emanating from the vehicle and on the defendant. In order to obtain a warrant before searching defendant's person for possible narcotics, he would have had to permit defendant to leave the scene in defendant's vehicle. Having to permit defendant to leave the scene alone, unaccompanied by any law enforcement officer, the dissipation of the marijuana odor, and the possible loss or destruction of evidence were "compelling reasons"

for Sergeant Greene to be able to conduct a warrantless search of defendant's person. We find these to be exigent circumstances that would justify the warrantless search of defendant's person.

{¶ 21} Therefore, we hold that the smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to conduct a search. Here, Sergeant Greene's searches of defendant's person and vehicle were exempt from the warrant requirement under the Fourth Amendment on the basis of the automobile exception and exigent circumstances. We affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., RESNICK and F.E. SWEENEY, JJ., concur.

COOK, J., concurs in judgment.

DOUGLAS and PFEIFER, JJ., concur in part and dissent in part.

_____

**PFEIFER, J., concurring in part and dissenting in part.**

{¶ 22} I agree with the majority that the smell of marijuana, alone, can be sufficient to establish probable cause to conduct a search. I also agree that there was, in this case, probable cause to search Moore's vehicle based on the automobile exception to the warrant requirement. I further agree that the only exception to the warrant requirement that can apply to this case is the exigent-circumstances exception. However, given the facts of this case, the exception is not applicable.

{¶ 23} The majority cites three United States Supreme Court cases to justify its conclusion that "a warrantless search is also justified if there is imminent danger that evidence will be lost or destroyed if a search is not immediately conducted." Each of the three is patently distinguishable.

{¶ 24} In *Cupp v. Murphy* (1973), 412 U.S. 291, 93 S.Ct. 2000, 36 L.Ed.2d 900, a warrantless search was permitted in part because there was probable cause to believe that murder had been committed. The court has since stated that "an important factor to be considered when determining whether any exigency exists is the gravity of the underlying offense for which the arrest is being made." *Welsh v. Wisconsin* (1984), 466 U.S. 740, 753, 104 S.Ct. 2091, 2099, 80 L.Ed.2d 732, 745. The case before us involves probable cause to believe that someone had been smoking marijuana, a misdemeanor. The gravity of this offense is not sufficient to overcome the presumption of unreasonableness that attaches to every warrantless search. *Katz v. United States* (1967), 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576, 585; *Minnesota v. Dickerson* (1993), 508 U.S. 366, 372, 113 S.Ct. 2130, 2135, 124 L.Ed.2d 334, 343-344.

{¶ 25} Further, in *Cupp*, the court sanctioned only the "very limited search necessary to preserve the highly evanescent evidence they found under his fingernails." *Cupp*, 412 U.S. at 296, 93 S.Ct. at 2004, 36 L.Ed.2d at 906. Here, the officer conducted a full body search. *Cupp* does not authorize the search that took place in this case.

{¶ 26} The majority also relies upon *Schmerber v. California* (1966), 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908, and *Ker v. California* (1963), 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726. In *Schmerber*, the court stated, "we conclude that the attempt to secure evidence of blood-alcohol content in this case was an appropriate incident to petitioner's arrest." *Schmerber*, 384 U.S. at 771, 86 S.Ct. at 1836, 16 L.Ed.2d at 920. In *Ker*, the challenged search was conducted incident to an arrest, and at the conclusion of extensive surveillance that provided probable cause to believe that a crime had been committed. *Ker*, 374 U.S. at 25-30, 41-43, 83 S.Ct. at 1625-1628, 1634-1635, 10 L.Ed.2d at 733-735, 742-744. The case before us is clearly inapposite to *Schmerber* and *Ker*.

{¶ 27} The search of the car here was reasonable because given the smell of marijuana smoke emanating from the car there was probable cause to believe that a crime was occurring or had occurred in the car. The smell of marijuana smoke on a person is entirely different; it provides probable cause that marijuana has been smoked not that the person smoked it. (Everyone in a smoke-filled room smells of smoke whether or not they actually smoked.) The fact that evidence of a crime may be easily disposed of cannot justify this search; if it did, the Fourth Amendment would be eviscerated and no one would be safe from warrantless searches. The state has not overcome the presumption that the warrantless search was unreasonable as to Moore's person. Accordingly, I concur in part and dissent in part.

DOUGLAS, J., concurs in the foregoing opinion.

_____