[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In a single assignment of error, defendant-appellant, Michael Powell, contests the trial court's decision to overrule his motion to suppress evidence. Powell argues that the trial court erred in finding that a police officer's investigatory stop was justified and that the search of his person was consensual. We disagree and affirm the judgment pursuant to which Powell was convicted of possession of a Schedule I controlled substance.
Even if we assume that the initial encounter between Powell and the arresting officer constituted an investigative stop, the record demonstrates that the very brief detention was justifiable under the Fourth Amendment, because the odor of burning marijuana gave rise to an articulable suspicion that a crime was being or had been committed.[1]
Furthermore, we find no error in the trial court's conclusion that Powell had voluntarily consented to empty his pockets.[2]
Therefore, we overrule the assignment of error and affirm the judgment of the trial court. Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Doan and Winkler, JJ.
[1] See Florida v. Royer (1983), 460 U.S. 491, 498, 103 S.Ct. 119,1324; Terry v. Ohio (1968), 392 U.S. 1, 30-31, 88 S.Ct. 1868, 1884-1885;State v. Moore (2000), 90 Ohio St.3d 47, 51, 734 N.E.2d 804, 808.
[2] See State v. Wright (Feb. 14, 1996), Hamilton App. No. C-950250, unreported; State v. Gill (Jan. 8, 1997), Hamilton App. No. C-950762, unreported, discretionary appeal not allowed (1997), 78 Ohio St.3d 1491,678 N.E.2d 1228.