OPINION
Defendant-appellant, Ronald L. Clarke, appeals the decision of the Butler County Area III Court denying his motion to suppress evidence. For the reasons outlined below, we reverse the decision of the trial court.
Appellant was charged with the offense of possession of drugs in violation of R.C. 2925.11, and a drug paraphernalia offense in violation of R.C. 2925.14. He filed a motion to suppress, which was overruled by the trial court and the matter was tried to a jury. Appellant appeals the trial court's denial of his motion to suppress and asserts one assignment of error, as follows:
 THE TRIAL COURT ERRED IN OVERRULING THE APPELLANT'S MOTION TO SUPPRESS.
 When reviewing a trial court's decision on a motion to suppress, an appellate court accepts the trial court's findings if they are supported by competent, credible evidence, State v. McNamara (1997), 124 Ohio App.3d 706, 710, and relies upon the trial court's ability to assess the credibility of witnesses. State v. Anderson (1995), 100 Ohio App.3d 688, 691. An appellate court, however, reviews de novo
whether the trial court applied the appropriate legal standard to the facts. Id.
Officer Staples of the Monroe Police Department testified at the suppression hearing that he was on patrol at 12:30 a.m., when he observed a group of people, which included appellant, sitting in a grassy area behind an apartment building. Officer Staples testified that the group included what he believed to be underage individuals drinking beer. As Officer Staples approached the group he smelled the odor of burnt marijuana. The officer testified that he asked appellant about a small black bag underneath appellant's chair. Officer Staples testified that appellant picked up the bag, opened it, stated that it contained his son's toys and tossed it. Staples stated that the bag landed about six feet from Officer Stumpf, who had arrived on the scene. According to Officer Staples, Officer Stumpf walked over and picked up the bag, looked inside and told Officer Staples to arrest appellant for the marijuana and drug paraphernalia that he found inside the bag. Officer Staples arrested appellant and after following appellant inside his apartment, observed an additional item of paraphernalia on a coffee table and confiscated it.[1]
Appellant asserts several sub-issues under the single assignment of error. These sub-issues can be separated into arguments concerning the police officer's presence in appellant's backyard, the search of the black bag under appellant's chair, and the seizure of evidence from inside appellant's home.
For a search to be reasonable under the Fourth Amendment, it must be based upon probable cause and executed pursuant to a warrant, unless an exception to the warrant requirement applies. State v. Moore (2000),90 Ohio St.3d 47, 49.
The officer's search of the black bag under appellant's chair resulted in the discovery of evidence that led police to arrest appellant on the possession and paraphernalia charges. We will address the issues out of order because the search of the black bag under appellant's chair is conclusive for this appeal.
Officer Staples had probable cause to believe that drug-related illegal activity was occurring in the group based upon the smell of burnt marijuana. Id. at 51. Having concluded that the odor of burnt marijuana provided probable cause, we must determine what, if any, exception to the warrant requirement existed to permit police to search the black bag. Two of the exceptions that could be applicable to these facts are exigent circumstances and consent to search. Based upon the evidence presented at the suppression hearing, no exigent circumstances existed wherein there was imminent danger that evidence would be lost or destroyed if a search was not immediately conducted. Id. at 52. Evidence was presented that appellant opened the black bag, stated that it contained his son's toys and tossed it on the ground.
Warrantless searches are also permitted when an appellant consents to the search. A consent to search constitutes a waiver of appellant's Fourth Amendment rights and requires a demonstration that consent to search was freely and voluntarily given under the totality of all the surrounding circumstances. United States v. Jones (C.A.6, 1981),641 F.2d 425, 429. After careful review of the evidence and case law, we cannot find that appellant's acts of opening the bag, stating that it contained toys, and tossing it on the ground are sufficient facts from which to infer he freely and voluntarily consented to a search of the bag. There was no evidence presented that the appellant tossed the bag directly to the officer to indicate a consent to search. Having determined that the search of the bag was not procured through consent or exigent circumstances, the trial court's legal conclusion that the search of the black bag was proper cannot stand. All the evidence seized as a result of the search must be suppressed.
Since we have found that the police did not legally search and seize the evidence in the black bag that lead to the possession and paraphernalia arrests, the trial court's denial of the motion to suppress must be reversed. Based upon our finding, it is not necessary to address appellant's remaining issues for review. Appellant's assignment of error is well-taken. Because the jury was presented with evidence that should have been suppressed, we must vacate the jury verdict and judgment of conviction and remand to the trial court for proceedings not inconsistent with this opinion.
YOUNG, P.J., and WALSH, J., concur.
[1] The parties in their appellate briefs discussed additional facts that were not presented at the motion to suppress hearing. We are limited to the evidence presented at the suppression hearing in our review of the trial court's decision on the motion to suppress.