OPINION
Michael S. Dowlar appeals from a judgment of the Kettering Municipal Court, which found him guilty of possession of drug paraphernalia. Dowlar had pled no contest to the charge after the trial court overruled his motion to suppress evidence.
The state's evidence established the following facts.
On August 10, 1999, at approximately 4:00 a.m., Kettering Police Officer Chris Murray responded to a report of a robbery at a gas station at the intersection of Bigger and Whipp Roads. The station had been robbed by a lone black man who had fled on foot. In searching the area for possible suspects, Murray walked into the apartment complex across the street from the gas station and observed two men in a parked car. He watched the men in an attempt to ascertain whether they had been involved in the robbery. Murray could see that the occupants of the car were smoking, and the car's lights and engine were off. After observing the occupants for a few minutes, Murray approached the vehicle. As he did so, he "note[d] a distinct odor of marijuana coming from the vehicle. It was very, very strong." Murray asked the two occupants whether they had had any involvement in the robbery or had seen any suspects in the area. When they answered in the negative, he proceeded to ask them about the smell of marijuana that was coming from the car. Both men were white, and Dowlar was the person in the passenger seat of the car.
Murray asked the two men to step out of the car, and another officer, Lt. Thomas McEwen, searched the vehicle. Lt. McEwen, who "detect(ed) a strong odor of burning marijuana" while still outside the car prior to searching it, found a marijuana pipe that was still burning under the passenger seat. Both police officers were familiar with the smell of burning marijuana. Both of the men admitted that the pipe belonged to Dowlar.
Murray cited Dowlar for possession of drug paraphernalia.
Dowlar pled not guilty and filed a motion to suppress the evidence on the grounds that Murray had lacked a reasonable, articulable suspicion to stop him as a suspect in the robbery. The trial court overruled this motion. Dowlar then changed his plea to no contest and was found guilty. Dowlar was sentenced to thirty days in jail and was fined $250, with all of the sentence and $175 of the fine suspended. Dowlar was also placed on parole for two years and his driving privileges were suspended for six months.
Dowlar raises one assignment of error on appeal.
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS EVIDENCE BECAUSE POLICE OFFICER MURRAY HAD NO REASONABLE CAUSE AND/OR ARTICULABLE SUSPICION TO BELIEVE THAT APPELLANT HAD COMMITTED A CRIME AT THE TIME OFFICER MURRAY PLACED APPELLANT IN INVESTIGATIVE CUSTODY.
Dowlar claims that Officer Murray had "had no reason whatsoever to believe that [Dowlar] had committed a crime" and that Murray therefore had had no reasonable basis to intrude upon his freedom.
The touchstone of Fourth Amendment jurisprudence is reasonableness. However, an officer does not need reasonable suspicion merely to approach an individual in a public place in order to make reasonable inquiries of him. Florida v. Bostick (1991), 501 U.S. 429, 434-35, 111 S.Ct. 2382,2386; State v. Retherford (1994), 93 Ohio App.3d 586, 594-95.
 A personal interaction between a police officer and a citizen is not necessarily a seizure of the person. A "seizure" occurs only where the officer, through force or a show of authority, has restrained the liberty of a person. * * * Police questioning, by itself, is unlikely to result in a Fourth Amendment violation.
State v. Arnette (Jan. 3, 1996), Summit App. No. 17219, unreported, quoting State v. Daniel (1992), 81 Ohio App.3d 325, 328. See, also, State v. Johnston (1993), 85 Ohio App.3d 475. 479 (concluding that approaching and questioning person seated in parked by specific and articulable facts); State v. Copper (Jan. 29, 1996), Ross App. No 95 CA 2120, unreported (holding that officer's approach to an already stopped vehicle did not require probable cause or even a reasonable suspicion of criminal activity).
In Dowlar's case, Murray observed the vehicle in an effort to ascertain whether the men inside had been involved in the gas station robbery. When he was seen by another person in the parking lot, however, he decided to approach the vehicle with his flashlight. Murray smelled marijuana as he approached the vehicle and as he questioned the men about the robbery. The trial court found that Murray had been unable to determine the race of the individuals in the car before he approached the vehicle.
Murray was permitted to approach the car in which Dowlar was a passenger without reasonable suspicion of criminal activity. Dowlar was in a public place and in an area where he might have been in a position to observe someone fleeing from the scene of the robbery. Murray's questioning of Dowlar was entirely reasonable and did not constitute a seizure. Thus, Murray did not need reasonable, articulable suspicion or probable cause to approach the vehicle. Moreover, it was irrelevant that neither Dowlar nor his companion matched the description of the robbery suspect because the reasonableness of Murray's questioning of them was not dependent on whether they fit the description of a suspect. Having approached the vehicle for a legitimate purpose, Murray was in a position to smell the marijuana smoke emanating from the car. The supreme court has held that the detection of the odor of marijuana by an experienced law enforcement officer is sufficient to establish probable cause to conduct a reasonable search of a vehicle. State v. Moore (2000),90 Ohio St.3d 47, 49. See, also, State v. Garcia (1986), 32 Ohio App.3d 38; State v. Alge (April 21, 2000), Erie App. No. E-99-053, unreported; State v. Bird (Dec. 31, 1992), Washington App. No. 92CA2, unreported. Thus, Officer Murray and Lt. McEwen had probable cause to believe that marijuana and/or marijuana paraphernalia were present in Dowler's vehicle.
Dowlar's constitutional rights were not violated by the search of the vehicle, and the trial court properly refused to suppress the evidence against him.
The assignment of error is overruled.
The judgment of the trial court will be affirmed.
BROGAN, J. and YOUNG, J., concur.