This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
The State of Ohio ("State") appeals the decision of the Medina County Court of Common Pleas, which granted the defendant's, Terri Laird ("Defendant"), motion to suppress. For the reasons that follow, we reverse and remand for proceedings consistent with this opinion.
 I.
On September 10, 2000, Deputy Shismenos of the Medina County Sheriff's Department observed a vehicle traveling in Harrisville Township, Medina County, Ohio with a malfunctioning rear license plate light, in violation of R.C. 4513.05. Defendant was a passenger seated in the rear of the vehicle. Deputy Shismenos proceeded to pull over the vehicle. Deputy England was in the area and assisted Deputy Shismenos with the traffic stop. As the deputies approached the vehicle, Deputy Shismenos and Deputy England observed, in plain view, open containers of alcoholic beverages in the vehicle.
Deputy Shismenos asked all four occupants to step out of the car while he seized the open containers in plain view. Deputy Shismenos then brought his drug-sniffing canine, "Gator," over to the car. The trial court notes in its journal entry that this is the point where the testimony differs.
Deputy Shismenos testified that Gator alerted to the odor of illegal drugs at both of the vehicle's front doors. Deputy Shismenos then opened the car door and led Gator to the interior of the vehicle, where Gator alerted to Defendant's purse lying on the rear seat. Defense witnesses testified that they could not recall seeing the dog walk around the vehicle. They stated the only time they observed Gator make an unusual movement was when they observed Deputy Shismenos pull on the dog's collar at one point during the search of the interior of the vehicle.
A search of Defendant's purse revealed a crack pipe stem, or shortened cut straw, containing white residue and three glossy pieces of paper folded into bindles containing white powder. Defendant was subsequently charged with possession of cocaine, in violation of R.C.2925.11(A)(C)(4)(a).
Defendant filed a motion to suppress, challenging the search of the motor vehicle and the search of her purse while it was in that vehicle. A hearing was held on June 1 and 4, 2001. The trial court granted Defendant's motion to suppress on June 14, 2001. The court found that it could not make a determination as to whether Gator alerted to the odor of illegal drugs on the vehicle, and therefore, the State failed to meet its burden of proof.
This appeal followed. The State raises three assignments of error.
 II. Assignment of Error I. THE TRIAL COURT ERRED BY GRANTING DEFENDANT-APPELLEE'S MOTION TO SUPPRESS, WHERE SHERIFF'S DEPUTIES ALREADY HAD PROBABLE CAUSE TO SEARCH THE VEHICLE AND ANY CONTAINERS LOCATED THEREIN, INCLUDING DEFENDANT-APPELLEE'S PURSE, PURSUANT TO THE AUTOMOBILE EXCEPTION AFTER OBSERVING OPEN CONTAINERS OF ALCOHOLIC BEVERAGES IN PLAIN VIEW INSIDE THE VEHICLE.
In the case sub judice, the State advances three theories pertaining to the legality of the search of Defendant's purse. In its first assignment of error, the State argues that the trial court erred in suppressing the evidence from Defendant's purse because the police already had probable cause to search the vehicle and any containers therein for contraband pursuant to the automobile exception to the warrant requirement. The State argues that the police then had probable cause to search Defendant's purse, which was located inside the vehicle, and the actions of the drug-sniffing dog are irrelevant.
We begin by noting that an appellate court reviews a trial court's ruling on a motion to suppress evidence de novo. State v. Russell
(1998), 127 Ohio App.3d 414, 416, citing Ornelas v. United States
(1996), 517 U.S. 690, 699, 134 L.Ed.2d 911, 920. However, an appellate court reviews the findings of fact only for clear error, giving due deference to the trial court's findings of fact, because the trial court assumes the role of the trier of fact when ruling on a motion to suppress and therefore is in the best position to resolve factual questions and evaluate credibility of the witnesses. Id.
The Fourth Amendment to the United States Constitution and Section 14, Article 1 of the Ohio Constitution prohibit unreasonable searches and seizures. State v. Kinney (1998), 83 Ohio St.3d 85, 87. Both generally require police officers to obtain a warrant based on probable cause before conducting a search. State v. Brown (1992), 63 Ohio St.3d 349,350. A warrantless search may nonetheless be valid if an exception to the warrant requirement applies. Once the defendant demonstrates that police conducted a warrantless search, the burden shifts to the State to prove probable cause to search and that an exception to the warrant requirement applies. State v. Moore (2000), 90 Ohio St.3d 47, 49. If the State fails to prove either of these elements, the evidence seized must be suppressed. Mapp v. Ohio (1961), 367 U.S. 643, 657, 6 L.Ed.2d 1081,1091; Moore, 90 Ohio St.3d at 49.
One exception to the warrant requirement is the automobile exception, wherein a police officer may conduct a warrantless search of a vehicle if the officer has probable cause to believe that it contains contraband and exigent circumstances necessitate a search. State v. Mills (1992),62 Ohio St.3d 357, 367. Thus, "[o]nce a law enforcement officer has probable cause to believe that a vehicle contains contraband, he or she may search a validly stopped motor vehicle based upon the well-established automobile exception to the warrant requirement."Moore, 90 Ohio St.3d at 51. Furthermore, "[i]f probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." U.S. v. Ross (1982), 456 U.S. 798, 825, 72 L.Ed.2d 572,594. The scope of the search extends to a passenger's belongings in the vehicle, such as a purse. Wyoming v. Houghton (1999), 526 U.S. 295, 302,143 L.Ed.2d 408, 416.
In this case, Deputy Shismenos testified that he observed open containers of alcoholic beverages in the vehicle in which Defendant was traveling. Having an open container of an alcoholic beverage is a violation of R.C. 4301.62(B)(4). Thus, we find that Deputy Shismenos had probable cause to search the interior of the vehicle for additional open containers. The probable cause to search extends to containers within the vehicle. However, the scope of the search would be limited to containers that may conceal open containers of alcohol.
The items Defendant sought to suppress were discovered in her purse. The trial court's journal entry is void of any finding of fact as to whether Defendant's purse could conceal an open container of alcohol. However, we find that the State did not present any evidence to meet its burden in proving probable cause to search the purse pursuant to this theory.
Once a defendant demonstrates a warrantless search, the burden shifts to the State to prove the police had probable cause to search and that an exception to the warrant requirement applies. See Moore,90 Ohio St.3d at 49. In this case, Defendant proved the warrantless search of the purse. Moreover, the State did not contest that a warrantless search occurred. Thus, the burden shifted to the State to prove probable cause to search and that an exception to the warrant requirement applied. Defendant admitted her purse into evidence. However, the State failed to present any evidence concerning the size of the bottles of alcohol or whether they could be concealed in Defendant's purse, nor did the State admit any of the bottles into evidence. Thus, the trial court had no evidence before it to prove the State's theory that the search of Defendant's purse was valid because the deputy had probable cause to search the vehicle and any containers therein that could conceal additional open containers of alcohol, and that Defendant's purse was a container that could conceal such contraband. The State's first assignment of error is therefore overruled.
 Assignment of Error II. THE TRIAL COURT ERRED BY GRANTING DEFENDANT-APPELLEE'S MOTION TO SUPPRESS, WHERE THE DRUG-SNIFFING CANINE DIRECTLY ALERTED TO THE ODOR OF ILLEGAL DRUGS CONCEALED IN HER PURSE AFTER BEING ALLOWED INSIDE THE VEHICLE BY THE SHERIFF'S DEPUTY.
In its second assignment of error, the State argues that the officer had probable cause to search Defendant's purse after the drug-sniffing dog alerted to the presence of illegal drugs in the purse.
If a vehicle is lawfully detained, an officer does not need a reasonable suspicion of drug-related activity in order to conduct a dog sniff of the vehicle. State v. Carlson (1995), 102 Ohio App.3d 585,594. The United States Supreme Court has stated that a canine sniff issui generis and does not constitute a search under the Fourth Amendment of the United States Constitution. See U.S. v. Place (1983), 462 U.S. 696,707; 77 L.Ed.2d 100, 120-121. Moreover, "[t]he use of a dog inside a car to sniff the interior is `no more intrusive than the use of [a] dog to sniff the outside of the car,' because a dog is able to smell the presence of contraband without disturbing the possessions of the car's owner and occupants." State v. Napier (May 27, 1998), Medina App. No. 2671-M, unreported, at 9, quoting State v. Palicki (1994),97 Ohio App.3d 175, 181. Once a trained drug-sniffing dog alerts to the presence of illegal drugs, the officer has probable cause to search that container for contraband. Palicki, 97 Ohio App.3d at 181; Carlson,102 Ohio App.3d at 600.
In this case, Deputy Shismenos was within his authority when he led the drug-sniffing dog through the interior of the car, because the deputy himself had probable cause to search the interior of the vehicle for contraband due to the presence of the open containers of alcohol. Moreover, the canine sniff of the interior of the vehicle was not a search as contemplated by the Fourth Amendment.
Probable cause to search Defendant's purse existed if the drug-sniffing dog alerted to the presence of illegal drugs in Defendant's purse during the canine sniff of the interior of the vehicle. However, even though there is conflicting evidence on the point, the trial court's journal entry is void of any finding of fact as to whether Gator alerted to the odor of illegal drugs in the purse during a valid dog sniff of the interior. Without such a finding, we cannot determine if the search of the purse was prohibited by the Fourth Amendment and whether the evidence discovered within must be suppressed. Therefore, we sustain the State's second assignment of error and reverse the decision of the trial court granting Defendant's motion to suppress, and we remand the matter for further proceedings consistent with this opinion.
 Assignment of Error III. THE TRIAL COURT'S FAILURE TO FIND THAT THE DRUG-SNIFFING CANINE "HIT," OR ALERTED TO THE ODOR OF ILLEGAL DRUGS, ON THE EXTERIOR OF THE VEHICLE WAS CLEARLY ERRONEOUS.
In its final assignment of error, the State asserts that the trial court's failure to find that the drug-sniffing dog alerted to the odor of illegal drugs on the exterior of the automobile was clearly erroneous. We disagree.
On appeal of a trial court's decision regarding a motion to suppress, we review the findings of fact only for clear error, giving due deference to the trial court's findings of fact. State v. Dunlap (1995),73 Ohio St.3d 308, 314. This is because the trial court assumes the role of the trier of fact when ruling on a motion to suppress and therefore is in the best position to resolve factual questions and evaluate credibility of the witnesses. Id.
In this case, Deputy Shismenos and Deputy England testified for the State. Deputy England testified that he did not observe the actions of the drug-sniffing canine. At the time of the canine sniff, Deputy England's attention was focused upon the four occupants of the car while he monitored their actions and the surroundings for his and the other officer's safety.
Deputy Shismenos testified that he worked with Gator for a period of five years and eight months. He further testified to his and Gator's training and certifications. Deputy Shismenos stated that Gator was trained for "aggressive alert," meaning that an alert to the odor of illegal drugs consists of "a scratching or possibly unusual biting effort of the dog." Deputy Shismenos recalled Gator alerted on the exterior of the vehicle by scratching at the passenger side and driver's side front door seams. Deputy Shismenos also testified that when Gator does alert to the odor of illegal drugs, it does not always consist of a lot of movement.
Heather Parker ("Parker") testified for the defense. Parker was a passenger in the same vehicle as Defendant. She testified that when the officer had the dog inside the car, she saw the officer tug on the dog's chain, pulling the dog's head down and back. On cross-examination, she testified that she was lined up with the others, away from the vehicle, when Deputy Shismenos brought the dog to the car. She stated she did not see the dog walk around the vehicle.
Defendant also testified at the hearing. She testified that she could not see the dog's actions on the passenger side of the vehicle because she was standing on the driver's side, near the rear of the vehicle. She stated that she was standing outside the car, near the rear seat where she had been sitting, during the dog sniff of the vehicle's interior. She testified that she watched the officer jerk on the dog's leash when the dog was in the area surrounding her purse.
In this instance we are presented with a slightly different scenario than that addressed in our discussion of the previous assignment of error, where the journal entry was void of any finding of fact as to whether Gator alerted on the purse. Here, the trial court stated that it could not determine whether Gator alerted on the car or not and therefore, it made no finding of fact on that issue. The court went on to find that the State failed to meet its burden in proving that issue. We cannot say that this finding was clearly erroneous. The trial court had conflicting testimony before it, however, as previously noted, the trial court is in the best position to resolve factual questions and evaluate credibility of the witnesses during suppression hearings. See Dunlap,73 Ohio St.3d at 314. Thus, we cannot say that the trial court clearly erred when it chose to believe certain witnesses over others. The State's third assignment of error is overruled.
 III.
Having sustained the State's second assignment of error, we reverse the decision of the trial court and remand for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
BATCHELDER, P.J., WHITMORE, J. CONCUR.