[Cite as *State v. Jones*, 2020-Ohio-3438.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 29590 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| REGINALD L. JONES | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 19 05 1661 (A) |

DECISION AND JOURNAL ENTRY

Dated: June 24, 2020

HENSAL, Judge.

{¶1}   Reginald Jones appeals the denial of his motion to suppress in the Summit County Court of Common Pleas.  For the following reasons, this Court affirms.

I.

{¶2}   Members of the United States Marshal Task Force had located a wanted individual and were surveilling him one morning in the vicinity of a car wash in Akron.  Members of the task force saw the individual going around the car wash, getting in and out of vehicles and going in and out of the building.  At one point, a couple of the task force members saw the individual go up to a black sport utility vehicle and have a brief interaction with the driver of the vehicle.  A short time later, it appeared that the wanted individual was getting ready to leave the car wash so the members of the task force converged on him.  This included pulling a vehicle directly in front of the individual's vehicle and blocking off all the exits from the car wash.

{¶3} At the time that the task force converged on the wanted individual, the black sport utility vehicle remained nearby. One task force member saw the driver of the vehicle reach toward the center console, which he thought could be a move to reach for a weapon. Another task force member thought that the driver of the sport utility vehicle may have engaged in a drug deal with the wanted individual based on the nature of their interaction. As members of the task force approached the sport utility vehicle to investigate, they could smell the odor of marijuana coming from it. One member of the task force also recognized the passenger of the vehicle as another wanted individual.

{¶4} Following a search by law enforcement of the sport utility vehicle, the Grand Jury indicted its driver, Mr. Jones, for multiple drug-related offenses. Mr. Jones moved to suppress the evidence obtained during the stop, arguing that the detainment of his vehicle was unconstitutional. Following a hearing, the trial court denied Mr. Jones's motion. Mr. Jones subsequently pleaded no contest to some of the offenses. The trial court found him guilty of them and sentenced him to five years imprisonment. The other charges were dismissed. Mr. Jones has appealed, assigning as error that the trial court incorrectly denied his motion to suppress.

II.

THE TRIAL COURT ERRED BY DENYING DEFENDANT'S MOTION TO SUPPRESS AS THE OFFICERS DID NOT HAVE REASONABLE SUSPICION TO CONDUCT AN INVESTIGATORY STOP

{¶5} Mr. Jones argues that the trial court should have granted his motion to suppress because he was detained by law enforcement without reasonable articulable suspicion of criminal conduct. A motion to suppress presents a mixed question of law and fact:

> When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence.

Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.

(Internal citations omitted.) *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.

{¶6} Mr. Jones first argues that the initial detention of his vehicle was unreasonable under the Fourth Amendment. Although arguing that the detention started when law enforcement blocked all the entrances and exits to the car wash, Mr. Jones does not develop an argument about why the officer's actions were prohibited. We note, however, that, for their safety, officers may detain other individuals at the scene of an arrest. *State v. Williams*, 194 Ohio App.3d 431, 2011-Ohio-2397, ¶ 9 (8th Dist.), citing *United States v. Maddox*, 388 F.3d 1356, 1362 (10th Cir.2004); *see also State v. McComb*, 2d Dist. Montgomery No. 21964, 2008-Ohio-426, ¶ 36 (concluding officers were permitted to conduct brief investigatory stop of individual who was standing next to person who had recently engaged in a suspected drug transaction).

{¶7} Mr. Jones also argues that his interactions with the wanted individual, the odor of marijuana emanating from his vehicle, and the fact that there was a fugitive in his vehicle did not provide the officers with reasonable, articulable suspicion to justify his detainment. The Ohio Supreme Court, however, has held that "[t]he smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to conduct a search" of an automobile. *State v. Moore*, 90 Ohio St.3d 47 (2000), syllabus. Mr. Jones has not challenged the qualifications of the officers who detected the odor of marijuana to recognize such an odor. In addition, although not relied on by the trial court in its decision, there was evidence at the suppression hearing that Mr. Jones was on post-release control at the time of the stop and that one of the conditions of his post-release control was that he was subject to warrantless searches and seizures.

{¶8}    Upon review of the record, we conclude that Mr. Jones has not established that the trial court incorrectly denied his motion to suppress.  Mr. Jones's assignment of error is overruled.

III.

{¶9}    Mr. Jones's assignment of error is overruled.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

ANGELA M. KILLE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.