JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant Wilbert Clifton appeals his conviction for trafficking in marijuana. We affirm.
In June 2003, police officers Michelle Grawe and Jason Wharton were on routine patrol. They heard a loud radio noise coming from the vehicle that Clifton was sitting in more than 50 feet away. This was a violation of Cincinnati Municipal Code 910.10, so the officers decided to stop Clifton.
When they approached the vehicle, both officers noticed a strong odor of marijuana. Clifton told them that a passenger had smoked the marijuana earlier. Officer Grawe noticed an open bottle of beer and a large roll of money next to Clifton. She returned to the police cruiser to process Clifton's information and discovered that he was driving under a financial-responsibility suspension.
The officers then removed Clifton from the vehicle and placed him in the cruiser, but they did not arrest him. He admitted that there was marijuana in the glove compartment. Officer Wharton found more marijuana in the center console, along with over 70 baggies in a duffel bag. Clifton was arrested.
At trial, Clifton testified that he had not told the officers that a passenger had smoked the marijuana — he claimed that he had stated that he had smoked it himself. The jury found Clifton guilty of trafficking in marijuana, a fifth-degree felony. The trial court then sentenced Clifton to two years of community control, as well as to six months' confinement in the Hamilton County Jail.
On appeal, Clifton asserts only one assignment of error: that the trial court erred in convicting him on improperly obtained evidence. But his assignment is more properly couched as a claim of ineffective assistance of counsel. Either way, we affirm.
Clifton argues that the marijuana recovered from the vehicle was improperly obtained. He claims that the search was merely a fishing expedition, and that the officers did not have any reason to stop him and to search the vehicle. Clifton did not properly raise this issue before the trial court, so we need not consider it. But the officers did have legitimate reasons to stop him and to search the vehicle. Both officers testified that they heard Clifton violating the loud-noise ordinance, which gave them reasonable suspicion to stop Clifton. Further, they both testified that they smelled the odor of marijuana. And the odor of marijuana, standing alone, was sufficient to establish probable cause to conduct a reasonable search.[1]
Clifton is also mistaken about his ineffective-assistance claim. To establish ineffective assistance, a defendant must prove that (1) trial counsel's performance fell below an objective standard of reasonableness, and (2) the substandard performance actually prejudiced the defendant.[2] Trial counsel's performance will not be deemed ineffective unless counsel's representation fell below an objective standard of reasonableness,[3] and there is a reasonable probability that, but for counsel's errors, the result of the trial would have been different.[4]
Failure to file a motion to suppress constitutes ineffective assistance of counsel only if, based on the record, the motion would have been granted.[5] As we have already stated, the officers' testimony established probable cause to conduct a reasonable search. During the search, the officers found marijuana in the glove compartment and in the center console. A motion to suppress would have been denied, so it was not ineffective assistance for Clifton's trial counsel to fail to file one.
We therefore overrule Clifton's lone assignment of error. Accordingly, we affirm the trial court's judgment. Further, a certified copy of this Judgment Entry shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Painter, JJ.
[1] State v. Moore, 90 Ohio St.3d 47, 2000-Ohio-10,734 N.E.2d 804.
[2] Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052.
[3] Id.
[4] State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373.
[5] State v. Spencer, 10th Dist. No. 03AP-579, 2004-Ohio-4102.