OPINION
{¶ 1} Defendant-appellant, Rodney Bunley (hereinafter "Bunley"), appeals the judgment of the Allen County Court of Common Pleas, denying Bunley's motion to suppress evidence obtained in the search of an automobile Bunley was driving.
 {¶ 2} The trial court denied Bunley's motion to suppress on the basis of stipulated facts. The stipulated facts are as follows: on April 20, 2004, at approximately 1:20 p.m., Bunley was observed by local law enforcement driving a 1999 Lincoln Navigator with Indiana license plates. Local law enforcement had received information from the Drug Enforcement Agency that Bunley was transporting drugs in that vehicle. Local law enforcement was acquainted with Bunley and discovered that he did not have a valid driver's license. The officers stopped the Navigator as Bunley drove it into the parking lot of the LW Restaurant in Lima, Ohio.
 {¶ 3} A certified drug-sniffing dog was called to the scene. The dog alerted to the presence of contraband and, upon searching the vehicle, officers found approximately two pounds of marijuana behind the driver's seat.
 {¶ 4} The parties also stipulated to the facts that the Navigator was searched during the day when court was in session, however, no warrant was sought before searching the vehicle; the marijuana obtained in the search was not in plain view; and the Navigator was not titled or registered in Bunley's name.
 {¶ 5} Bunley was subsequently indicted for Possession of Marijuana, in violation of R.C. 2925.11, a felony of the fifth degree and entered a plea of not guilty. After discovery was completed, Bunley filed a Motion to Suppress, alleging that the search of the Navigator was unconstitutional, as it was done without a warrant and without a valid exception to the warrant requirement.
 {¶ 6} After a hearing on the motion, the trial court determined that the initial stop was lawful. The trial court also concluded that the positive alert from the drug-sniffing dog gave the officers probable cause to search the vehicle without a warrant. Therefore, the trial court denied Bunley's Motion to Suppress.
 {¶ 7} Bunley subsequently changed his plea to a plea of no contest. Bunley was found guilty of one count of Possession of Marijuana and sentenced accordingly.
 {¶ 8} Bunley now appeals the denial of the Motion to Suppress to this court and sets forth one assignment of error.
 ASSIGNMENT OF ERROR NO. I The trial court erred in not suppressing the evidence.
 {¶ 9} Bunley does not contest that the initial stop of the vehicle he was driving was lawful and does not challenge the use of a drug-sniffing dog, in that the drug sniff is not a search within the meaning of theFourth Amendment to the United States Constitution. Bunley asserts, however, that the drug-sniffing dog's alert to the presence of contraband, while giving rise to probable cause, did not give the officers full authority to proceed with the search of the vehicle in the absence of exigent circumstances. Rather, Bunley argues that the dog's alert merely justified the temporary detention of the Navigator by law enforcement until a warrant was obtained.
 {¶ 10} An appellate court may not disturb a trial court's decision on a motion to suppress where some competent, credible evidence supports such motion. State v. Retherford (1994), 93 Ohio App.3d 586. When considering a motion to suppress, the trial court serves as the trier of fact and is the primary judge of the credibility of the witnesses and the weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19. Relying on the trial court's factual findings, an appellate court determines "without deference to the trial court, whether the court has applied the appropriate legal standard." State v. Anderson (1995),100 Ohio App.3d 688, 691.
 {¶ 11} For a search or seizure to be reasonable under theFourth Amendment, it must be based upon probable cause and executed pursuant to a warrant. Katz v. United States (1967), 389 U.S. 347, 357; State v.Brown (1992), 63 Ohio St.3d 349, 350. This requires a two-step analysis. First, there must be probable cause. State v. Moore (2000),90 Ohio St.3d 47, 49. If probable cause exists, then a search warrant must be obtained unless an exception to the warrant requirement applies. Id. If the state fails to satisfy either step, the evidence seized in the unreasonable search must be suppressed. Mapp v. Ohio (1961), 367 U.S. 643.
 {¶ 12} It is well established that if a trained narcotics dog "alerts to the odor of drugs from a lawfully detained vehicle, an officer has probable cause to search the vehicle for contraband." State v. French
(1995), 104 Ohio App.3d 740, 749. In the case sub judice, the drug-sniffing dog alerted to the presence of contraband, giving the officers probable cause to search the vehicle Bunley was driving. Therefore, officers were required to obtain a warrant unless an exception to the warrant requirement applied.
 {¶ 13} One exception to the warrant requirement is the "automobile exception." This exception was traditionally justified by the inherent mobility of automobiles, which often created exigent circumstances.California v. Carney (1985), 471 U.S. 386, 391; State v. Mills (1992),62 Ohio St.3d 357, 367. Although ready mobility was the original justification for the automobile exception, later cases have made clear that it is not the only basis for the exception. California v. Carney
(1985), 471 U.S. 386, 391. Besides the element of mobility, less rigorous warrant requirements govern because the expectation of privacy with respect to one's automobile is significantly less than that relating to one's home or office. South Dakota v. Opperman (1976), 428 U.S. 364, 367.
 {¶ 14} In fact, the United States Supreme Court has recognized that the automobile exception has no separate exigency requirement. UnitedStates v. Ross (1982), 456 U.S. 798, 809. In cases where probable cause exists to search a vehicle "a search is not unreasonable if based on facts that would justify the issuance of a warrant, even though a warranthas not been actually obtained." Id. Emphasis added.
 {¶ 15} After reviewing the stipulated facts in this case, we find that the officers had probable cause to search the vehicle that Bunley was driving based on the alert by the drug-sniffing dog. We further find that the existence of probable cause allowed the officers to search the interior of the vehicle in the absence of a warrant, pursuant to the automobile exception. Therefore, we do not find that the trial court erred in denying Bunley's Motion to Supress.
 {¶ 16} Bunley's assignment of error is overruled.
 {¶ 17} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Bryant and Shaw, JJ., concur.