OPINION
{¶ 1} Anthony Dixon appeals from his conviction of marijuana possession in an amount greater than 1,000 grams but less than 5,000 grams. Dixon pleaded no contest to the charge after the trial court overruled his motion to suppress. After *Page 2 
Dixon was sentenced, this appeal followed.
 {¶ 2} Although Dixon was represented by retained counsel below, he is proceeding pro se in this appeal. Dixon contends in this appeal that the trial court erred in overruling his suppression motion. Dixon has not favored us with a transcript of the motion hearing, so we are confined to deciding whether the trial court made a correct legal conclusion based on the facts found by the court. The trial court made the following factual findings:
 {¶ 3} "On November 28, 2006, Sgt. Abney and Office [sic] Blackburn, of the Dayton Police Department were on patrol westbound on U.S. Route 35 at the intersection of Dearborn. A Chevy Tahoe passed through the intersection, which the officers noted had its side windows blacked out such that they could not see into nor through the vehicle. The officers stopped the vehicle for a violation of R.C. 4513.241, a minor misdemeanor. The driver was subsequently cited and convicted for this violation.
 {¶ 4} "When the vehicle was stopped one officer approached each side of the vehicle, with Officer Blackburn approaching, measuring the window tint, and dealing with the driver for the traffic violation. Because there were at least two occupants, and because he could not clearly see into the vehicle, Sgt. Abney opened the passenger side door of the vehicle for officer safety. Immediately upon opening the door to the vehicle, Sgt. Abney, who was an experienced police officer smelled an `overwhelming' odor of raw marijuana coming from the vehicle. Both the driver and the defendant disclaimed any knowledge of marijuana being in the vehicle.
 {¶ 5} "The defendant, who was neither the owner nor the operator of the *Page 3 
vehicle was removed from the vehicle and placed on the sidewalk in handcuffs, and Sgt. Abney opened a duffel bag sitting on the rear seat of the vehicle in plain view, and proceeded to open it. The duffel bag was `full of marijuana,' which Sgt. Abney recognized immediately upon viewing it.
 {¶ 6} "Subsequently, Officer Krauskopf [sic] who had been called to back up this stop, arrived on the scene and placed the defendant in the back seat of his cruiser. The defendant told Officer Krauskopf that the marijuana was his [sic]; not the driver's, and asked them to release her."
 {¶ 7} In moving to suppress, Dixon argued below that the police officer's action in opening the car's passenger door was not reasonably related to issuing a traffic ticket to the driver for the tinted window violation. Dixon argued that the police officer could have merely looked through the front windshield if he was in fear for his safety without opening the passenger door. It was upon opening the passenger door that Sgt. Abney smelled the overwhelming smell of marijuana. Dixon argued that Sgt. Abney could not have smelled raw marijuana which was inside a sealed plastic baggie inside a paper bag inside a canvas bag.
 {¶ 8} In overruling the suppression motion, the trial court found that Dixon had no standing to object to the search of the duffel bag of which he denied ownership. The court found that Dixon as a passenger had standing to object to the stop of the vehicle but not a search of the car's passenger compartment. Finally, the trial court found that Sgt. Abney had probable cause to search the car's passenger compartment because he smelled the marijuana emanating from that location.
 {¶ 9} Dixon argues that the vehicle in which he was riding had factory *Page 4 
authorized tinting and therefore the police did not have articulable suspicion to stop the vehicle. Secondly, he argues that Sgt. Abney could not have smelled raw marijuana packaged as it was inside the duffle bag. Dixon argues that the trial court improperly relied upon State v.Moore (2000), 90 Ohio St.3d 47, 734 N.E.2d 804, because the Supreme Court found the "plain smell" doctrine applied in that case to "burnt marijuana" rather than raw marijuana.
 {¶ 10} The State, for its part, argues that there was no evidence presented that the vehicle's tinted windows were factory authorized, but in any event, that fact would not mean the windows were not too dark in violation of R.C. 4513.241. Secondly, the State argues there was no evidence noted in the facts stated in the trial court's opinion that it is impossible to smell raw marijuana inside a sealed plastic bag inside a duffel bag. We agree that the facts as stated in the trial court's opinion support the police stopping the vehicle in which Dixon was a passenger. Also in its opinion, the trial court did not state how the marijuana in the duffel bag was wrapped. The court merely stated the duffel bag was "full of marijuana." We cannot say that the testimony that Sgt. Abney could smell raw marijuana emanating from the interior of the vehicle was too incredible to support the trial court's decision. See State v. Tevis (Apr. 30, 1998), Ashland App. No. 97-COA-01224,1998 WL 401168, where the Ashland Court of Appeals found the testimony that a police officer could smell raw marijuana in a sealed plastic baggie, placed in a paper bag, and sealed in a canvas bag, incredible. Id. at *2.
 {¶ 11} Having smelled marijuana emanating from the interior of the vehicle, it was reasonable for the police officer to search the duffel bag sitting on the rear seat *Page 5 
in plain view. The basic tenets of the "automobile exception" are the area searched must be a vehicle, that there is probable cause to believe it contains evidence of crime, the vehicle is mobile, and any area or container for which probable cause exists may be searched immediately. See United States v. Ross (1982), 456 U.S. 798, 102 S.Ct. 2157,72 L.Ed.2d 572; California v. Acevedo (1991), 500 U.S. 565, 111 S.Ct. 1982,114 L.Ed.2d 619. The appellant's assignment of error is Overruled.
The Judgment of the trial court is Affirmed. DONOVAN, J., and VALEN, J., concur.
(Hon. Anthony Valen, retired from the Twelfth Appellate District, (sitting by assignment of the Chief Justice of the Supreme Court of Ohio) *Page 1