[Cite as *State v. Jessee*, 2011-Ohio-5025.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                    :

    Plaintiff-Appellee         :    C.A. CASE NO. 24073

vs.                              :    T.C. CASE NO. 09CR3201/1

MATTHEW JESSEE                   :    (Criminal Appeal from
                                 Common Pleas Court)
    Defendant-Appellant        :

. . . . . . . .

O P I N I O N

Rendered on the 30th day of September, 2011.

. . . . . . . .

Mathias H. Heck, Jr., Pros. Attorney; Carley J. Ingram, Asst. Pros. Attorney, Atty. Reg. No. 0020084, P.O. Box 972, Dayton, OH  45422

    Attorneys for Plaintiff-Appellee

P.J. Conboy, II, Atty. Reg. No. 0070073, 5613 Brandt Pike, Huber Heights, OH 45424
    Attorney for Defendant-Appellant

. . . . . . . .

GRADY, P.J.:

{¶ 1} On September 28, 2009, at 6:44 p.m., Dayton police officer Dan Zwiesler observed a vehicle driven by Defendant Matthew Jessee make an abrupt right hand turn from Hoover Avenue onto Westwood Avenue.  Defendant failed to signal his intention to turn

prior to making the turn. Officer Zwiesler immediately initiated a traffic stop of Defendant's vehicle for failing to signal the turn.

{¶ 2} When Officer Zwiesler approached the vehicle, Defendant was rolling down his window. The first thing Officer Zwiesler noticed was the overpowering smell of raw marijuana in the vehicle. From his experience as a Dayton police officer, Zwiesler recognized the odor because he has smelled the odor of raw marijuana over one thousand times.

{¶ 3} As a result of smelling the odor of raw marijuana coming from Defendant's vehicle, Officer Zwiesler decided to search the vehicle's passenger compartment. After Defendant and his three passengers were removed from the vehicle, Officer Zwiesler discovered a clear, gallon-size freezer bag half full of marijuana underneath the front edge of the driver's seat.

{¶ 4} Defendant was indicted on one count of possession of marijuana, between two hundred and one thousand grams, a fifth degree felony in violation of R.C. 2925.11(A). Defendant filed a motion to suppress evidence and his statements to police. The trial court overruled the motion following a hearing. Defendant entered a plea of no contest to the charge and was found guilty. The trial court sentenced Defendant to five years of community control sanctions.

{¶ 5} Defendant timely appealed to this court from his conviction and sentence. Defendant's appellate counsel filed an *Anders* brief, *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 19 L.Ed.2d 493, stating that he could find no meritorious issues for appellate review. We notified Defendant of his appellate counsel's representations and afforded him ample time to file a pro se brief. None has been received. This case is now before us for our independent review of the record. *Penson v. Ohio* (1988), 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300.

{¶ 6} Defendant's appellate counsel has identified one possible issue for appeal: that the trial court erred in overruling Defendant's motion to suppress evidence.

{¶ 7} With respect to the stop and search of Defendant's vehicle, Defendant's failure to properly signal his turn, which Officer Zwiesler witnessed, constitutes a traffic violation and provides sufficient probable cause for the stop. *Dayton v. Erickson*, 76 Ohio St.3d 3, 1996-Ohio-431. The stop of Defendant's vehicle was therefore lawful.

{¶ 8} When Officer Zwiesler approached the driver's window, which Defendant rolled down, he immediately recognized the overpowering odor of raw marijuana coming from the vehicle from his prior experience as a police officer.

{¶ 9} In *State v. Moore*, 90 Ohio St.3d 47, 2000-Ohio-10, the

Ohio Supreme Court held:

{¶ 10} "The smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to conduct a search." Syllabus.

{¶ 11} Defendant's vehicle was properly searched pursuant to the automobile exception to the warrant requirement. *Id*. Defendant's Fourth Amendment rights were not violated.

{¶ 12} With respect to Defendant's statements, both times that Defendant was questioned by police, once by Officer Zwiesler and once by Detective Baker, this record shows that Defendant was first read his *Miranda* rights, that he indicated each time that he understood his rights, that he knowingly and voluntarily waived his rights and agreed to speak with police, and that his statements were voluntary. Defendant's Fifth, Sixth and Fourteenth Amendment rights were not violated. This assignment of error lacks arguable merit.

{¶ 13} In addition to reviewing the possible issues for appeal raised by Defendant's appellate counsel, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit. Accordingly, Defendant's appeal is without merit and the judgment of the trial court will be affirmed.

DONOVAN, J., And HALL, J., concur.

Copies mailed to:

Carley J. Ingram, Esq.
P.J. Conboy, II, Esq.
Matthew P. Jessee
Hon. Mary Katherine Huffman