[Cite as *Euclid v. Hull*, 2012-Ohio-3801.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97273**

## CITY OF EUCLID

PLAINTIFF-APPELLEE

vs.

## FLOYD J. HULL

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Euclid Municipal Court
Case No. 2011 CRB 00237

**BEFORE:** Keough, J., Blackmon, A.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** August 23, 2012

**FOR APPELLANT**

Floyd J. Hull, pro se
10708 Hampden Avenue
Cleveland, OH 44108

**ATTORNEYS FOR APPELLEE**

Chris Frey
Law Director, City of Euclid
BY: Jason L. Carter
Assistant Law Director
585 East 222nd Street
Euclid, OH 44123

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, Floyd J. Hull, appeals from the trial court's judgment denying his motion to suppress. For the reasons that follow, we affirm.

## I. Procedural History

{¶2} Hull was charged in the Euclid Municipal Court with one count of drug abuse in violation of Euclid Codified Ordinances 513.03, a first degree misdemeanor. He pled not guilty and subsequently filed a motion to dismiss in which he asserted that the warrantless search of his automobile when he was arrested was unconstitutional and, therefore, the charge should be dismissed. The court converted the motion to dismiss to a motion to suppress and held a hearing on the motion. The court subsequently denied Hull's motion. Hull then entered a plea of no contest to the amended charge of attempted possession of drugs. The court found him guilty and sentenced him to a fine plus court costs. The court granted Hull's motion for a stay of execution pending appeal.

## II. Factual Background

{¶3} The city presented two witnesses at the suppression hearing. City of Euclid police officer Brian Collins testified that on March 13, 2011, while on patrol, he ran the license plate number of a car in the parking lot at 681 Babbitt, Euclid, Ohio and determined there was a drug-related felony warrant for the owner of the vehicle. Officer Collins testified that after confirming that federal marshals were interested in serving the

warrant, he saw the vehicle pull out of the parking lot. The driver of the vehicle roughly matched the description of the individual on the warrant. Also present in the vehicle were a female passenger in the front seat and two children in the back seat.

{¶4} Officer Collins waited for other police officers to assist and then initiated a felony traffic stop of the vehicle. Officer Collins testified that before he began to give commands to the driver of the car, the driver (later identified as Hull) put the car keys on the roof of the car and exited the vehicle. Officer Collins ordered Hull to his patrol car and then, upon determining that Hull was not the person of interest on the warrant, asked him to have a seat in the back of his patrol car until the police determined that Mario Hull, Hull's son and the subject of the warrant, was not in the car.

{¶5} Hull sat in the back seat of the patrol car with his legs out of the car and the door open. Officer Collins testified that Hull was very cooperative and informed the officer that his son was wanted on the warrant. Hull offered to drop his passengers off and then meet with the police at the police station to assist with providing information about his son. While Officer Collins was speaking with Hull, however, Officer Orlando Almonte advised him that the police had found drugs in Hull's car.

{¶6} Officer Almonte testified that his role in the stop was to maintain visual contact with the occupants of the vehicle. Almonte testified that as he watched the car from about one car length away, he observed the female, front seat passenger moving "aggressively" in the car. Almonte testified that based on his experience, it appeared that she was either looking for something or trying to hide something. When Officer

Almonte approached the passenger side of the car and asked the female what she was doing, she told him that she was looking for a cigarette. Officer Almonte testified that he found this answer suspicious because the woman had a cigarette in her mouth.

{¶7} Officer Almonte then asked the woman to exit the vehicle. As she did so, he observed a clear, plastic bag with a knot in it sticking out of the center console in the front seat in the area where the woman had been moving as Officer Almonte watched. Officer Almonte testified that based upon his experience and the woman's movements, he believed there might be narcotics or other contraband in the bag.

{¶8} After obtaining the woman's name and determing that there was a warrant for her arrest, the police detained her in the back seat of Officer Almonte's patrol car. Officer Almonte then searched the center console and found the bag containing marijuana and another bag containing 15 white pills.

{¶9} Officer Almonte then informed Officer Collins of the discovery of the marijuana and pills. Officer Collins then advised Hull that he was under arrest for drug abuse.

### III. Analysis

{¶10} In his single assignment of error, Hull contends that the trial court erred in denying his motion to suppress.

{¶11} A motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the

best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard. *Id.*

{¶12} The Fourth Amendment to the United States Constitution provides protection against unreasonable searches and seizures. Searches conducted without a warrant are per se unreasonable, subject to a few "jealously and carefully drawn" exceptions. *State v. Smith*, 124 Ohio St.3d 163, 2009-Ohio-6426, 920 N.E.2d 949, ¶ 10, citing *Jones v. United States*, 357 U.S. 493, 499, 78 S.Ct. 1253, 2 L.Ed.2d 1514 (1958).

{¶13} One such exception to the warrant requirement is a search incident to a lawful arrest, "which allows officers to conduct a search that includes an arrestee's person and the area within the arrestee's immediate control." *Smith* at ¶ 11, citing *Chimel v. California*, 395 U.S. 752, 762-763, 89 S.Ct. 2034, 23 L.Ed.2d 685. "The exception derives from interests in officer safety and evidence preservation that are typically implicated in arrest situations." *Arizona v. Gant*, 556 U.S. 332, 338, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009). But in *Gant*, the United States Supreme Court held that an officer may search a vehicle incident to a recent occupant's arrest only when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search or when it is reasonable to believe that the vehicle contains evidence relevant to the offense of arrest. *Id.*

{¶14} Hull contends that in light of *Gant*, the trial court erred in denying his motion to suppress. He contends that when the police searched his car, both he and the female front seat passenger were secured in separate patrol cars and not in reaching distance of his car. He further contends that the female passenger was arrested for a probation violation (failure to complete community service and failure to appear in court) and, therefore, the search of his car was not based upon a reasonable expectation that any evidence relating to that violation would be found therein. Accordingly, Hull contends the warrantless search was unconstitutional.

{¶15} However, the holding in *Gant* is inapplicable to the facts of this case. As the United States Supreme Court specifically recognized in *Gant*, "other established exceptions to the warrant requirement authorize a vehicle search under additional circumstances when safety or evidentiary concerns demand." *Id.* at 346. One such exception is the warrantless search of an automobile where the search is based upon probable cause that the vehicle contains contraband. *Id.* at 347. *See also Maryland v. Dyson*, 527 U.S. 465, 466-467, 119 S.Ct. 2013, 144 L.Ed.2d 442 (1999); *United States v. Ross*, 456 U.S. 798, 820-821, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); *State v. Moore*, 90 Ohio St.3d 47, 49, 2000-Ohio-10, 734 N.E.2d 804.

{¶16} Probable cause is a particularized and objective basis for suspecting the person stopped of criminal activity, and is established where the known facts and circumstances are sufficient to cause a reasonable person to believe that contraband or evidence of a crime will be found. *State v. Newsome*, 8th Dist. No. 93328,

2010-Ohio-2891, ¶ 19, citing *Ornelas v. United States*, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996).

{¶17} Here, the front-seat passenger's aggressive movements in the car after the stop and her illogical response to Officer Almonte's question regarding what she was doing, coupled with his observation of the plastic bag sticking out of the center console when he questioned her, led Officer Almonte to believe that there was criminal activity afoot and a reasonable probability that the bag contained illegal narcotics. Thus, there was probable cause that the vehicle contained contraband and the search of the car was proper. Accordingly, the trial court properly denied Hull's motion to suppress.

{¶18} Affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, J., CONCURS;

PATRICIA A. BLACKMON, A.J., DISSENTS
WITH SEPARATE OPINION.

PATRICIA ANN BLACKMON, A.J., DISSENTING:

{¶19} I respectfully dissent from the majority opinion. I feel that the bright line difference between the probable cause exception to the warrant requirement and the reasonable suspicion requirement under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 18, 20 L.Ed.2d 889 (1968), is blurred in this opinion. I agree with the majority opinion that *Arizona v. Gant*, 556 U.S. 332, 129 S.Ct. 110, 173 L.Ed.2d 485 (2009), was not limited to just one warrantless search and seizure exception, and other exceptions apply depending on the facts. I disagree that the probable cause exception is applicable in this case.

{¶20} The city of Euclid argued that the search incident to arrest exception justified the police search of the console. The majority opinion did not rely on the city's argument. I appreciate why the majority opinion failed to rely on the city's argument. It would be hard to fashion an exigent circumstance in this case and use the broadly constructed exigent circumstance outlined in *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), because that case was overruled by *Gant*.

{¶21} Consequently, the majority opinion relies on the probable cause exception to the warrant requirement. This exception, however, carries with it a somewhat hefty test. It requires that the court look at the defendant's behavior and determine whether the officer had reasonable cause to believe or a fair probability that criminal activity was afoot. In my view, the officers had no criminal evidence against Hull. I realize the officers did find drugs in the console after observing the passenger's behavior. But, this

subsequent finding of evidence cannot justify the search, regardless of Hull's "taking responsibility for what was in the car." Probable cause should and must exist prior to the search. *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

**{¶22}** I previously commented that the majority opinion blurs the line between *Terry v. Ohio*'s reasonable suspicion exception that justifies a pat-down for weapons search and the probable cause exception that justifies a search for contraband. I say this because the only basis for the search of the console was furtive movement, the passenger's weak explanation for her movement, and a partially exposed baggie. Probable cause has never been used as an exception to a warrantless search when the items or events are equally consistent with innocent and not-so-innocent behavior. *See State v. Fahy*, 49 Ohio App.3d 160 551 N.E.2d 1311 (3d Dist.1988). A baggie is just as likely to transport a peanut butter sandwich, or as we see way too often, be a carrier for drugs. Additionally, it is innocent behavior to look for a cigarette. The officer observed one in her mouth, which is consistent with her explanation that she was looking for a cigarette. These consistencies with innocent and not-so-innocent behavior or items should not be allowed to form the basis for the probable cause exception.

**{¶23}** The majority opines that it is the furtive movement, the partially exposed baggie, and the weak explanation that supports the probable cause exception. I disagree. This sounds more like *Terry v. Ohio*'s reasonable suspicion that justifies a pat-down for weapons, not a search for contraband. Accordingly, I would require the

officer to take his observations to a neutral detached magistrate to determine whether his

observations were sufficient for a search warrant; consequently, I dissent.