[Cite as *State v. Bradley*, 2025-Ohio-58.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2024-CA-31 |
| | : | |
| v. | : | Trial Court Case No. 23-CR-0840 |
| | : | |
| BILLY BRADLEY | : | (Criminal Appeal from Common Pleas Court) |
| | : | |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on January 10, 2025

. . . . . . . . . . .

NATHAN D. BOONE, Attorney for Appellant

ROBERT C. LOGSDON, Attorney for Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Billy Bradley appeals from his conviction for receiving stolen property. Bradley contends the conviction must be reversed because the trial court erred in failing to suppress evidence obtained from law enforcement officers' aerial surveillance of his property. For the reasons set forth below, we affirm.

## I.    Factual and Procedural History

{¶ 2} In November 2023, the Clark County Sheriff's Office received information from a person whose trailer had been stolen that the trailer was behind Bradley's home.

{¶ 3} After receiving the tip, Detective Ross Eubanks arranged to conduct surveillance of Bradley's property via drone.   Eubanks received permission to stage the operation from a business located across the street from Bradley's home.   The drone was piloted by a deputy licensed to pilot a drone and was operated over the property of the business and over a public park adjacent to Bradley's property.   The drone was not operated over Bradley's property.

{¶ 4} The images relayed from the drone did not reveal the presence of the trailer. However, deputies observed a red automobile parked beside a barn behind Bradley's residence.   One of the deputies indicated that the vehicle matched the description of a car that had been reported stolen.   A computer check of the license plate confirmed that it matched that of the stolen vehicle.   Bradley was observed seated inside the vehicle and moving objects around in the vehicle's trunk.   At some point, Bradley removed the license plates.

{¶ 5} Although they did not have a warrant, deputies entered the property and immediately arrested Bradley.   After Bradley was informed of his constitutional rights, he orally consented to a search of the premises.   Deputies discovered several stolen items, including the trailer, an all-terrain vehicle (ATV), and a forklift.

{¶ 6} On December 12, 2023, Bradley was indicted on four counts of receiving

stolen property in violation of R.C. 2913.51(A). In January 2024, he filed a motion to suppress evidence. After a suppression hearing, the trial court sustained the motion in part and overruled it in part; it suppressed evidence regarding the ATV, trailer, and forklift but not regarding the automobile.

{¶ 7} Thereafter, Bradley entered a no contest plea to one count of receiving stolen property, and the other counts were dismissed. The trial court found him guilty and imposed a prison term of 15 months. Bradley appeals.

## II. Illegal Entry and Arrest

{¶ 8} Bradley's first assignment of error states as follows:

OFFICERS VIOLATED MR. BRADLEY'S FOURTH AMENDMENT RIGHTS WHEN THEY CONDUCTED A SEARCH WITHOUT REASONABLE SUSPICION AND ENTERED HIS PRIVATE PROPERTY WITHOUT A WARRANT.

{¶ 9} Bradley claims the information received by the Sheriff's Office regarding the stolen trailer did not provide law enforcement with enough reasonable suspicion to conduct a search of Bradley's private property. Specifically, he argues there was no information regarding the trustworthiness of the person relaying the information. He further argues that, even if the person was trustworthy, the State's entry onto his property without a warrant was improper.

{¶ 10} "It is well-settled law that issues not raised in the trial court may not be raised for the first time on appeal because such issues are deemed waived." *Columbus v. Ridley*,

2015-Ohio-4968, ¶ 28 (10th Dist.), quoting *State v. Barrett*, 2011-Ohio-4986, ¶ 13 (10th Dist.).   More specifically, "[i]f a motion to suppress fails to state a particular basis for relief, that issue is waived and cannot be argued on appeal."   *State v. Demus*, 2011-Ohio-124, ¶ 13 (2d Dist.).   Here, Bradley did not raise the reliability of the informant or the tip in his written motion to suppress, and he did not address the issue at the hearing or in his post-hearing memorandum.   Because this argument is raised for the first time in this appeal, we decline to address it.

{¶ 11} We next turn to the warrantless entry onto Bradley's property.   We agree with the trial court that this entry and Bradley's subsequent arrest were problematic.

{¶ 12} The Fourth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

{¶ 13} "The essential purpose of the Fourth Amendment proscription 'is to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials.' "   (Citations omitted.)   *State v. Eads*, 2020-Ohio-2805, ¶ 10 (1st Dist.).   Thus, unless certain exceptions apply, a warrant must be secured in order for a search to be reasonable under the Fourth Amendment.   *State v. Moore*, 90 Ohio St.3d 47, 49 (2000), citing *Katz v. United States*, 389 U.S. 347, 357 (1967).

{¶ 14} Whether a search has occurred for Fourth Amendment purposes depends upon whether the government has infringed upon a person's "legitimate expectation of privacy." (Citations omitted.) *Smith v. Maryland*, 442 U.S. 735, 740 (1979). This inquiry turns on whether an individual has a subjective expectation of privacy and whether that expectation is one that society recognizes as reasonable. *Id.*

{¶ 15} The "[w]arrantless entry by law enforcement personnel into premises in which an individual has a reasonable expectation of privacy is per se unreasonable, unless, it falls within a recognized exception to the warrant requirement." *State v Harris*, 2005-Ohio-399, ¶ 31 (8th Dist.), citing *Minnesota v. Olson*, 495 U.S. 91 (1990). Valid exceptions to the warrant requirement include the following: "search of arrestee's immediate area incident to arrest; inventory search; consent; investigatory stop with protective search incident to arrest or incident to investigatory stop; hot pursuit; exigent circumstances; and plain view." *State v. Thomas*, 2015-Ohio-1778, ¶ 13 (10th Dist.), quoting *State v. Adams*, 2011-Ohio-5361, ¶ 34 (7th Dist.). "The police 'bear a heavy burden when attempting to demonstrate an urgent need that might justify warrantless searches or arrests.' " *State v. Hodge*, 2011-Ohio-633, ¶ 24 (2d Dist.), quoting *Welsh v. Wisconsin*, 466 U.S. 740, 750 (1984).

{¶ 16} Here, the State attempts to justify the warrantless entry under the exigent circumstances exception by claiming that Bradley had started the car. However, we find no competent evidence in this record to support a finding that Bradley was preparing to flee the scene in the car. Further, we see no reason why the deputies could not have waited on the public road leading to Bradley's driveway while they obtained a search

warrant. The only means of egress from the property in a vehicle appears to have been the driveway, which led to a public road. The deputies could have effectuated an arrest had Bradley driven the car onto the roadway. Further, the deputies could have continued to utilize the drone to ensure that Bradley did not flee the property on foot.

{¶ 17} The State also attempts to justify the entry by arguing that the area where the car was located and where Bradley was arrested was an open field not protected by the Fourth Amendment. However, the trial court specifically found that the car was located within the curtilage of the home. The State has not appealed that finding and, based upon the evidence in the record, we agree with the trial court.

{¶ 18} The trial court suppressed the evidence of the stolen property located by the deputies after Bradley's arrest upon a finding that Bradley's consent to the search of his property was "tainted" by the illegal entry and arrest. The State did not appeal that ruling. Thus, we must resolve whether the trial court erred by its failure to suppress the evidence regarding the automobile.

{¶ 19} "The derivative-evidence rule, or fruit-of-the-poisonous-tree doctrine . . . , requires suppression of evidence that was seized in a seemingly lawful manner but about which police learned because of a prior constitutional violation such as an illegal search or seizure." *State v. McLemore*, 2012-Ohio-521, ¶ 20 (2d Dist.), citing *Nardone v. United States*, 308 U.S. 338 (1939). "The exclusionary rule reaches not only primary evidence obtained as a direct result of an illegal search or seizure, but also evidence that is subsequently discovered and derivative of that prior illegality." *Id.*, citing *Wong Sun v. United States*, 371 U.S. 471 (1963). However, the independent-source exception to the

derivative-evidence rule "provides that if knowledge of the derivative evidence is gained from an independent source, rather than from the government's own illegality, the derivative evidence may be used." *Id.* at ¶ 22, citing, *Silverthorne Lumber Co. v. United States*, 251 U.S. 385 (1920).

**{¶ 20}** As discussed in Section III, below, the drone surveillance of Bradley's property did not violate his Fourth Amendment rights. Further, the car was observed and identified as a stolen vehicle prior to the illegal entry onto Bradley's property. Thus, the car was discovered independently of any improper action by the deputies. Therefore, the trial court did not err in denying the request to suppress evidence concerning the vehicle.

**{¶ 21}** The first assignment of error is overruled.

### III. Drone Surveillance

**{¶ 22}** Bradley's second assignment of error states:

THE WARRANTLESS DRONE SEARCH OF MR. BRADLEY'S HOME AND CURTILAGE CONSTITUTED AN UNREASONABLE SEARCH IN VIOLATION OF THE FOURTH AMENDMENT.

**{¶ 23}** Bradley argues that the trial court erred in denying his motion to suppress because the search of his property by the drone did not fall within any recognized exception to the warrant requirement.

**{¶ 24}** Ohio courts have recognized that a property owner has rights in the air space over his or her land. *Chance v. BP Chemicals, Inc.*, 77 Ohio St.3d 17, 25 (1996).

However, those rights are not unlimited. *Id.* Indeed, the U.S. Supreme Court has indicated that aerial surveillance by helicopter or airplane, as a general rule, does not violate the Fourth Amendment. *See Florida v. Riley*, 488 U.S. 445, 452 (1989) (a plurality of the court agreed that surveillance by helicopter over a subject's property at an altitude of at least 400 feet did not require a search warrant). *Riley* focused on whether law enforcement had had the legal right to be in the airspace it occupied. *Id.* at 450-451. The question of the lawfulness of law enforcement's presence turned on whether it had violated Federal Aviation Administration rules or other laws. *Id.* at 451-452. *See also California v. Ciraolo*, 479 U.S. 207 (1986).

{¶ 25} There is a dearth of case or statutory law concerning the use of drones as related to the protections of the Fourth Amendment. However, the Fifth District Court of Appeals has upheld the use of drone surveillance in criminal investigations, finding it no more intrusive than the use of a helicopter. *State v. Stevens*, 2023-Ohio-889, ¶ 32 (5th Dist.).

{¶ 26} Importantly, in this case, the record supports a finding that the drone did not fly over Bradley's property but, instead, relied on the use of an adjacent park and a nearby business for its flight path. Thus, this case is more akin to surveillance via the use of a camera attached to a utility pole in a public space, which we have found to be constitutional. *See State v. Rigel*, 2017-Ohio-7640 (2d Dist.). Therefore, we agree with the trial court's determination that the deputies did not violate the Fourth Amendment by the use of the drone to conduct surveillance.

{¶ 27} Accordingly, the second assignment of error is overruled.

## IV.     Burden of Proof

**{¶ 28}** Bradley asserts the following for his third assignment of error:

THE TRIAL COURT ERRED IN DENYING MR. BRADLEY'S MOTION TO

SUPPRESS WHERE THE STATE FAILED TO MEET THEIR BURDEN OF

PROOF.

**{¶ 29}** In this assignment of error, Bradley claims the State did not meet its burden of demonstrating, by a preponderance of the evidence, that his motion to suppress should have been overruled.   We need not address this argument because of our conclusion, set forth above, that the trial court did not err in denying the motion to suppress evidence of the stolen vehicle.   Thus, the third assignment of error is overruled.

## V.     Conclusion

**{¶ 30}** The judgment of the trial court is affirmed.

. . . . . . . . . . . . .


EPLEY, P.J. and HUFFMAN, J., concur.